### Consolidated Underwriters v. Sam. Breedlove.

No. 4021.   Decided October 15, 1924.

(265 S. W., 128).

**Workman's Compensation Insurance—Furtherance of Employer's Business.**

An automobile mechanic employed by a corporation carrying insurance with defendant for his protection from injury under the provisions of the Workmen's Compensation Law, being directed to perform an errand to a shop and report thereon either in going to or returning from his lunch in an automobile, called at such shop, going thence to his lunch, and was injured by collision with another auto while returning to his place of labor. *Held* that his injury was received while engaged in furtherance of the business of his employer within the meaning of the statute (Act of March 28, 1917, Laws, 35th Leg., p. 292, ch. 103, part 4 sec. 1). The errand which he was performing did not terminate till he returned and reported, though the taking of his lunch meantime intervened.   (Pp. 173-176).

Question certified from the Court of Civil Appeals for the First District, in an appeal from Harris County.

The Supreme Court having referred the question to the Commission of Appeals, Section A, for their opinion thereon, here adopt same as their answer to the question.

*C. A. Lord*, for appellant.

The evidence conclusively shows that the plaintiff did not sustain the injuries complained of while in the course of his employment; that the injuries of which he complained were received by him while driving in his own automobile and upon a mission of his own, unrelated to his employment and the business of his employer; therefore the plaintiff was not entitled to recover compensation nor for nurse

hire or medical or hospital services.    American Indemnity Co. v. Dinkins, 211 S. W., 949; Compensation Act, 1917; Employers Indemnity Corp. v. Kirkpatrick, 214 S. W., 956; Kirby Lumber Co. v. Scurlock, 229 S. W., 975; Same case (Sup. Ct.) 112 Texas, 115; Lumbermen's Reciprocal Assn. v. Behnken, 226 S. W., 154; Same case (Sup. Ct.) 112 Texas, 103; Rodgers v. Tobias, 225 S. W., 804; Western Indemnity Co. v. Leonard, 231 S. W., 1101.

*Woods, King & John,* for appellees.

The evidence being sufficient to raise the issue of fact as to whether or not appellee sustained the injuries complained of while in the course of his employment, in that he was injured while on a mission for and under the direction of his employer, the judgment of the court deciding such issue of fact in appellee's favor will be sustained. Employers' Indemnity Corporation v. Kirpatrick, 214 S. W., 956; Hartford Accident & Indemnity Co. v. Durham, 222 S. W., 275; Lumbermen's Reciprocal Association v. Behnken, 226 S. W., 154; Martin v. J. Lovibond & Sons, Ltd. (Eng. Ct. of Appeals) 6 B. R. C., 466; Southern Surety Co. v. Stubbs, 199 S. W., 343; Western Indemnity Co. v. Leonard, 231 S. W., 1101; Jones v. Casualty Recip. Exchange, 250 S. W., 1073.

The evidence showing that appellee at all times, and particularly in the daytime, at and before the time he was injured, was subject to the call of his employer, he is entitled to recover compensation, and for nurse hire, medicines and hospital services. Pipinaw v. Grand Trunk Ry. Co. of Canada, 12 N. C. C. Ann., 244; Queenan v. Traveler's Ins. Co., 3 Mass. Workmen's Compensation Cases, 525; Railway Co. v. Welch, 72 Texas, 298, 10 S. W., 529.

MR. JUDGE CHAPMAN delivered the opinion of the Commission of Appeals, Section A.

This is a certified question from the Court of Civil Appeals of the First District.    The facts submitted are as follows:

"The evidence shows that appellee was an automobile mechanic and was an employee of the corporation before named at the time he received his injuries, and that the corporation carried compensation insurance with appellant for the benefit of its employees under the provisions of the employee's compensation statute of this state. Appellee at the time he received his injuries was driving along a public street in the City of Houston in his own automobile, going from his home, where he had been to get his noon meal, back to his work at the shop or place of business of his employer.    His injury was caused by a collision of his automobile with that of another person driving along or across the street on which appellee was driving.

"Appellee testified that when he left the shop to go for his lunch he was told by his employer to go or come back by the office of the Houston Electric Company and ascertain if there was a battery there for Edson & Feray. In obedience to these instructions, when he left the shop he went directly to the office of the Electric Company to inquire about the battery, but failed to obtain any definite information. He then proceeded to his home, got his lunch, and was returning to his work when he was injured as before stated.

"The evidence further shows that under the terms of his employment appellee was subject to call at any time day or night when his services were needed. He had frequently been called when at lunch and frequently at night. There was no fixed time for him to go to lunch. He usually went about the noon hour, when there was a slack in the demand for his services, and returned promptly after eating his lunch. The company had a truck which he and other employees usually used in going for their lunch, but when the truck was out of repair or in other use appellee would go in his own automobile. On this occasion the company's truck was being used for other purposes and for that reason appellee used his own automobile. Appellee's automobile was kept in repair by his employer free of charge to him. One of his employers testified:

" 'The reason no charges were ever made against Breedlove for repairs or mechanical adjustments on his own car was because when the Company's truck was out of commission or for any other reason not available for use at times the company's employees would use Breedlove's car for the business of Edson & Feray.' "

The question submitted is:

"Upon this evidence did Breedlove receive the injury for which he seeks compensation in this suit in the course of his employment as that term is used and defined in our Workmen's Compensation Statute?"

The term "injury" as used in the Texas Workmen's Compensation Act is defined in said act as follows:

"   *   *   *   *   but shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

The only question for us to determine is whether Breedlove was engaged or about the futherance of the affairs or business of his employer at the time he was injured. On page 350, Honnold on Workmen's Compensation, we copy as follows:

"When an injury arising from a risk of the business is suffered while the employee, though not strictly in the line of his obligatory

duty, is still doing something incidental to the performance of his work, in going to or from the work or in the necessary intervals of a discontinuous employment, he will ordinarily be entitled to compensation.''

And from page 355 of the same work as follows:

''Where it is the duty of an employe to go from one job to another or to places away from the employer's office and then return thereto to make a report, he is, at all such times, acting in the course of his employment.''

In Beaudry v. Watkins, et al, 191 Mich., 445, L. R. A., 1916 F, 576, 158 N. W., 16, the injured boy in this case was about fifteen years of age and was acting in the capacity of a delivery boy in delivering packages and used a bicycle in his work. On the day that he was injured he was to make a delivery of a package and then go to his home for lunch and after his lunch he was to go to some place for a package to be carried to his employer's place of business. After he had his lunch, and while on the way for the package, he was killed by being run over by a truck and under these facts the court held that the deceased was killed while engaged in work arising out of and in the course of his employment.

Breedlove, in connection with going to his lunch, was sent on an errand for his employer, and that errand was not completed until he returned to the employer's shop and made a report as to the result of his errand. If Breedlove had been hurt while on the way from his employer's shop to the place where he was to see about the battery, or if he had gotten the battery and had been hurt while taking it to his employer's shop, then there could be no doubt but that he would have been acting in the furtherance of the affairs of his employer, or if he had waited until after he had eaten his lunch to see about the battery, which course he could have pursued under his instructions, and had been hurt while on the way from his home to the shop, either before or after he had seen about the battery, then he certainly would have been acting in the furtherance of the business of his employer, or if he had been sent to see about the battery, and the getting of his lunch had not entered into the trip, and he had been hurt in either going to, or returning from the place where he was to see about the battery, then he would have been acting in the furtherance of his employer's business. Breedlove was subject to call at any time, and there was no fixed time for him to go for his lunch, and the mere fact that he was returning to his employer's shop after getting his lunch did not destroy the fact that he was also returning to the shop after having been sent by his employer to see about the battery. Breedlove's employer knew that he was to see about the battery while away for his lunch, and that his errand with reference to the

battery would not be completed until he returned to the shop. We do not mean to hold that Breedlove was on duty at the very time he was eating his lunch, but we do say that if the matter of getting his lunch had not entered into the trip that he would have been on duty from the time he left the shop until he returned, and we do not think that the matter of his getting his lunch enroute made any difference in his status as to being on or off duty while he was traveling, especially in view of the fact that the record fails to show how much additional traveling he had to do in order to go to his lunch.

We therefore say that Breedlove received the injury in the course of his employment, and that he is entitled to compensation for his injuries under the provisions of the Workmen's Compensation Statute.

The opinion of the Commission of appeals was adopted and ordered certified as the answer of the Supreme Court.