HENRY GILBERT's (dependent's) CASE.

FRED KING's CASE.

PAUL RODRIGUE's CASE.

Suffolk.    November 10, 1925. — November 12, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

</div>

*Workmen's Compensation Act,* To what injuries act applies, Proximate cause. *Proximate Cause.*

At the hearing of a claim under the workmen's compensation act by an employee of a construction company, it appeared that the injury alleged to have been received was caused by a truck, upon which the employee was riding to his work, being run into by a railroad train at a grade crossing with a private way; that the employer furnished the truck for the purpose of transporting the employees to their work; that he had given no direction as to the route to be taken in reaching the work; that in order to reach the work, the truck, when it came to a barrier placed across a portion of the highway because of repairs being made, was driven by the employee by a shorter route than by the established detour and along a private way in a safe condition for travel; that the route it took was used by a substantial portion of the travelling public; that the collision occurred at a crossing of the railroad and the private way; and that the employee was not in the exercise of due care. *Held,* that

   (1) In view of the lack of instructions as to route, the truck driver was in the line of his duty if he took a route reasonably proper in the circumstances;

   (2) A finding was not required as a matter of law that at any point on the route taken there was apparent danger different in kind or greater in degree from that commonly encountered by travellers on highways;

(3) A finding of causal connection between the conditions of the employment and the injuries received by the claimant was warranted;

(4) Simple negligence of the employee at the grade crossing was not a bar to recovery.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board affirming and adopting findings by a single member awarding compensation to the widow and dependent of Henry Gilbert, to Fred King, and to Paul Rodrigue, respectively for the death of Gilbert and for injuries received by the other claimants while in the employ of LaFrance Construction Company.

In the Superior Court, the cases were heard by *Morton*, J. Material facts are described in the opinion. By order of the judge, decrees were entered awarding compensation in accordance with the decision of the Industrial Accident Board. The insurer appealed.

*G. Gleason*, for the insurer.

*O. O. Lamontagne & J. F. Hartnett*, for Gilbert's dependent, submitted a brief.

RUGG, C.J. These three cases depend upon the same facts. The insured employer, engaged in building construction, kept a truck in Holyoke customarily used in part to transport employees to a job in Chicopee. On the morning in question the usual route of travel was interrupted by the repair of a bridge. Before the bridge was reached, and at a fork of the roads, a detour sign was prominently displayed pursuant to lawful authority. The distance to the place of actual labor of the men on the truck by the indicated detour was considerably longer than the usual route and under ordinary conditions would not be used by persons going to that place from the place of departure in Holyoke. When the sign was reached, one of the men riding on the truck said to Gilbert, the driver of the truck, that the usual route was open down to the immediate vicinity of the bridge and that there was a short detour around the bridge over which the truck could pass; that he had come over that short detour the night before. Thereupon the driver proceeded along the usual route to a point very near the

bridge from which to a point joining the highway on the other side of the bridge was a well defined private roadway, crossing railroad tracks at grade, in a safe condition for travel and used by automobiles travelling between Holyoke and Chicopee for passing around the bridge while it was undergoing repair, as well as by other persons living nearby. The driver of the truck took this private way. At the grade crossing the truck was struck by a train, and thereby the injuries resulted on which these claims are based. It has been found that the occupants of the truck and especially the driver did not exercise due care in approaching and attempting to cross the railroad tracks.

The only question argued by the insurer is whether the failure to heed the first detour sign and to take the route thereby indicated precludes recovery in these proceedings.

The employer had issued no orders as to the particular route to be taken by the truck. He had not given any general directions, so far as appears, as to the transportation journey. Therefore his truck driver and men would be in the line of their employment if they took a route reasonably proper under all the circumstances. The route actually taken was used by a substantial portion of the travelling public. Seemingly there was no violation of law in what was done. The highway used by the employees had not been obviously closed to traffic. At no point on the route taken was there apparent danger different in kind or greater in degree from that commonly encountered by travellers on highways. Plainly the mere fact that the course lay for a short distance over a private way, in fact safe for travel, and over a grade crossing did not render the journey of extra hazard above that commonly encountered by similar travellers. The cases at bar come within the test stated in *McNicol's Case*, 215 Mass. 497, 499, in that a causal connection between the conditions of employment and the injuries may have been found to exist by a reasonable person. Simple negligence of the employees at the grade crossing is not a bar to recovery. Decisions like *Borin's Case*, 227 Mass. 452, *Hurley's Case*, 240 Mass. 357, *Jacobson's Case*, 248 Mass. 466, and *Withers's Case*, 252 Mass. 415, are distin-

guishable in their facts. In those and similar cases, the employee in going outside the scope of his employment had incurred an additional risk not required by his contract of service.

In each case the entry may be

*Decree affirmed.*  ·