## TEXAS EMPLOYERS' INS. ASS'N v. THOMAS. (No. 2641.)

(Court of Civil Appeals of Texas. Amarillo. March 24, 1926. Rehearing Denied April 28, 1926.)

1. Master and servant ⬅417(5)—Whether employee, struck by truck while on way to work, sustained injuries in course of employment held for jury (Workmen's Compensation Act [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz]).

In suit under Workmen's Compensation Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz) for injuries sustained by employee when run down by employer's truck while on his way to work, whether plaintiff sustained his injuries in course of his employment *held* for jury.

2. Trial ⬅350(2), 352(5)—Issue whether injuries sustained by employee were received in course of his employment held not erroneous as being multifarious and presenting a question of law.

Instruction submitting issue whether injuries sustained by employee were received in course of his employment *held* not erroneous as being multifarious or presenting a question of law, where it was a contested question whether relation of master and servant existed and court, in connection with instruction, defined term "injuries sustained in course of employment."

Appeal from District Court, Wichita County; H. R. Wilson, Judge.

Proceedings under the Workmen's Compensation Act by Henry E. Thomas, claim-

ant, opposed by the Texas Pipe Line Company, employer, and the Texas Employers' Insurance Association, insurer, to set aside decision of Industrial Accident Board denying claimant compensation. Judgment for claimant, and insurer appeals. Affirmed.

Lawther, Pope, Leachman & Lawther, of Dallas, for appellant.

Grindstaff & Zellers, of Weatherford, for appellee.

JACKSON, J. Appellee, Henry E. Thomas, instituted this suit in the district court of Wichita county, Tex., to set aside the final decision of the Industrial Accident Board of Texas, which denied him compensation, and to recover against appellant, Texas Employers' Insurance Association, for personal injuries received while employed by the Texas Pipe Line Company, which carried compensation insurance with appellant for its employees.

Appellee alleges: That the Texas Pipe Line Company, a corporation, owned and operated a pipe line plant a mile west of the town of Electra, which consisted of 140 acres of land, pump station, warehouses, tank farm, machine shops, and various other machinery, at which it employed from 50 to 75 men. That there were no residences in the vicinity of the company's plant, and the employees lived in Electra and were compelled in going to and from their work to walk along the north side of the Vernon highway, from which the plant was separated by the tracks and right of way of the Fort Worth & Denver City Railway Company. That there were but two entrances to the plant, one used solely for trucks and automobiles, the other used exclusively for employees who walked to and from their work. The point of entrance used by pedestrian employees was located on the south side of the Vernon highway directly north of the pumphouse and extended southward across the right of way of the railroad onto the premises of the pipe line company where employees on foot reached a graveled or paved path leading to the houses on the company's premises, where employees were requested to report daily for work. That this footpath was the sole means of access for pedestrian employees and was the route intended and contemplated by the contract of employment, and appellee had been instructed by the foreman of said pipe line company to use said path and not to walk on the grass on the premises. That a bridge had been constructed on each side of the railroad track by the pipe line company as a part of said path. That appellee and the other employees of said company were paid for their time, from 7 a. m. until 5 p. m., but did not begin their active duties at the plant until 7:30 a. m., and were allowed the 30 minutes from 7 a. m. until 7:30 a. m. of the company's time to get to their work. That appellee had been

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

employed by the company for about two years. and on November 6, 1923, he and other employees, proceeding to their work in the usual and customary way, leaving home at 7 a. m., caught a ride on an automobile truck which stopped for them to get off opposite the entrance by the footpath, and appellee got off of the truck, crossed the road, and as he walked, or attempted to walk, onto the path at a point 112 feet from the premises of the pipe line company, at 7:27 a. m., he was run over by a car in the company's service driven by an employee, on his way to report for duty, which car would have gone into said premises at the entrance for vehicles 500 feet west of the entrance for pedestrians when the accident occurred. That the car, in running over him, knocked out two of his teeth, fractured the vertebræ of his neck, lacerated his spinal cord, and broke, crushed and splintered the bones in both legs. He sets up in detail the injuries received, and alleges that he was totally and permanently disabled; that he was on his way to work on the company's time by the usual and customary way, entering the trail constructed and maintained by the company as the exclusive means of entrance for footmen, and when injured was within the zone of his employment, and the circumstances and conditions which called for a continuous and frequent crossing of the road at a point opposite to the path maintained by the company created a special hazard incident to his employment, and subjected him to a degree of danger and hazard peculiar to his work that was not common to the public: that his injuries had to do with, and originated in, the work of the pipe line company and were received while engaged in and about the furtherance of the affairs and business of said company during working hours.

The defendant answered by general demurrer, special exceptions, general denial, and specially denied that appellee was injured in the course of his employment as a laborer for the pipe line company, or that the injuries were received while engaged in or about the furtherance of the affairs or business of the company, but that such injury might happen to any person on any street regardless of his employment, and at the time the injury was received there was no relation of master and servant between appellee and the company, and no control was exercised over him at that time by the company; that the causative danger was not peculiar to his work, but common to the neighborhood, and was not incidental to the character of business in which appellee was engaged, and did not have its origin in any risk connected with his employment.

In answer to special issues submitted by the court, the jury found that appellee sustained his injuries in the course of his employment for the Texas Pipe Line Company, and was permanently and totally disabled

for work by such injuries, and that manifest injustice would result to him unless his money was paid in a lump sum. On this verdict, the court rendered judgment for appellee.

[1] Appellant, by several assignments of error, assails the action of the trial court in refusing to give its requested peremptory instruction, because the evidence was insufficient to present any issue of fact upon which appellee was entitled to recover.

It is agreed that on the date of the injury, the Texas Pipe Line Company was a corporation and a subscriber under the Workmen's Compensation Law of Texas (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), and had a policy with appellant herein, conditioned to pay employees of the pipe line company such compensation as the Workmen's Compensation Act allows, and that the employees of said pipe line company were subject to the provisions, and entitled to the benefits, of the Workmen's Compensation Law of this state; that due notice was given of the injury and accident of appellee; that the Industrial Accident Board of the state entered its final decision; that in due time appellee, after serving all proper notices, filed suit in the district court of Wichita county to set aside the ruling and decision of the Industrial Accident Board; and that the district court of Wichita county had jurisdiction of the subject-matter and parties to the suit.

The testimony is sufficient to authorize the conclusion that appellee was employed by the Texas Pipe Line Company at its plant located a mile west of Electra, a town of 6,000 or 7,000 inhabitants, in which town appellee lived; that the Vernon highway extended from Electra westward, passing the plant of the pipe line company, and that the right of way and tracks of the Fort Worth & Denver City Railway Company was between said Vernon highway and said plant; that there was an entrance to the premises of the pipe line company for trucks and automobiles, and a separate entrance for the employees who went to their work on foot; that the path for footmen had been furnished, extending from the Vernon highway across the Fort Worth & Denver City Railroad right of way to the premises of the pipe line company; that this path was used and for the use of the employees who walked to and from their work at the plant, and was not used by the general public, and that the pedestrian employees used this pathway by the acquiescence, consent, and suggestion of the agents of the pipe line company; that the employees received pay for their labor from 7 a. m. to 5 p. m. or a period of 10 hours; that they began active and actual work at the plant at 7:30 a. m., being instructed on arrival at that time as to their work for that day; that appellee, on the day of his injury, left his home in Electra at 7 a. m. to go to the pipe line plant, report to the proper authorities,

and begin work at 7:30 a. m.; that he was picked up on his way by a passing automobile truck, carried on the highway to a point opposite the entrance of the footpath leading to the company's premises; that he alighted, crossed the highway, and as he stepped onto said pathway, was run over by a car driven by an employee of the pipe line company who was on his way to report to the company for duty, and would have passed in at the entrance for vehicles 500 feet west of where the accident occurred; that appellee was injured from three to five minutes before 7:30 a. m. and was within from 112 to 115 feet of the premises of the company and was on his way to report to the company for duty at 7:30 a. m.

There is no controversy as to the seriousness or the permanency of appellee's injuries, or his total disability and incapacity which resulted by reason thereof.

We deem it unnecessary to state further facts and circumstances revealed by the record to show that the case presented issues of fact for the determination of the jury, and that the court did not commit error in refusing appellant's peremptory instruction. Lumbermen's Reciprocal Association v. Behnken et al., 246 S. W. 72, 112 Tex. 103, and authorities cited; Kirby Lumber Co. v. Scurlock, 246 S. W. 76, 112 Tex. 115, and authorities cited; Consolidated Underwriters v. Breedlove, 265 S. W. 128, 114 Tex. 172; Western Indemnity Co. v. Leonard (Tex. Com. App.) 248 S. W. 655; Employers' Liability Assurance Corp. v. Light et al. (Tex. Civ. App.) 275 S. W. 685; St. Louis Southwestern Ry. Co. of Texas v. Moore (Tex. Civ. App.) 269 S. W. 191; Employers' Indemnity Corp. v. Felter et al. (Tex. Civ. App.) 264 S. W. 137; Texas Employers' Ins. Ass'n v. Gill (Tex. Civ. App.) 252 S. W. 850; Cudahy Packing Co. of Nebraska v. Industrial Com., 207 P. 148, 60 Utah, 161, 28 A. L. R. 1399; Cudahy Packing Co. v. Parramore, 44 S. Ct. 153, 263 U. S. 418, 68 L. Ed. 366, 30 A. L. R. 532; McClure v. Georgia Casualty Co. (Tex. Com. App.) 251 S. W. 800.

The record in this case discloses that appellee was in the employ of the Texas Pipe Line Company; that his pay for his day's work began at 7 a. m.; that at the time of the injury he was on his way to the plant of the company to report for duty; that his injuries occurred from three to five minutes before his actual labor of using a pick or other implement began; that he was within about 112 or 115 feet of the premises of the pipe line company and in close proximity to said premises and in the zone of his employment; that he was proceeding to his work along the route followed by practically all of the pedestrian employees and entering upon the path acquiesced in and approved as an entrance to the premises by his employer; and that in passing to and from his work over said path several times a day to perform the services for which he was employed, the danger to which he was exposed was not common to the public generally.

In view of the very able discussion and exhaustive reference to authorities in the cases cited, supra, we deem it unnecessary to discuss in detail the legal questions urged by appellant.

[2] Appellant presents as error the action of the trial court in submitting special issue No. 1, asking, in effect, if the injuries suffered by appellee were sustained in the course of his employment for the Texas Pipe Line Company, because said issue is multifarious and presents a question of law which depends upon the answer of the jury to a number of facts which go to make up the course of employment.

In connection with this interrogatory, the court instructed the jury that the term "injury sustained in the course of employment," as used in his charge, included all injuries having to do with, and originating in, the work, business, trade, or profession of the employer received by an employee while engaged in or about the furtherance of the affairs and business of his employer, whether upon the employer's premises or elsewhere.

Appellant made no request for the submission of any issue to the jury.

It was a contested question as to whether the relation of master and servant existed, and whether or not appellee was acting in the course of his employment while on his way from his home to the premises of the pipe line company; appellant contending that the employment began at 7:30 a. m., when he reached the plant and reported for duty; appellee contending that he was paid for his time from 7 a. m. and allowed 30 minutes in which to reach said premises. Hence we do not think the objection urged to the charge is tenable.

In the case of Texas Employers' Insurance Assn. v. Gill, cited supra, this court said:

"The court submitted a special issue inquiring as to whether Gill's injury was sustained in the course of his employment, and in connection therewith, gave a definition of the term 'injury sustained in course of employment.'"

While the definition is not approved by the court, it was held not reversible error to submit the issue in that form. See, also, Texas City Transp. Co. v. Winters (Tex. Com. App.) 222 S. W. 541; San Antonio U. & G. R. Co. v. Dawson (Tex. Civ. App.) 201 S. W. 247; Consolidated Underwriters v. Free (Tex. Civ. App.) 253 S. W. 941.

The judgment is affirmed.