**THETFORD et al. v. LONDON GUARANTEE & ACCIDENT CO., Limited. (No. 2661.)\***

(Court of Civil Appeals of Texas. Amarillo. June 16, 1926. Rehearing Denied Oct. 6, 1926.)

**1. Appeal and error ⚌927(7).**

In determining whether there was issue of fact for jury on appeal from judgment directing verdict for defendant, evidence most favorable to plaintiffs must be considered.

**2. Master and servant ⚌417(5)—Whether employer within Compensation Law agreed to convey employé to and from work, and whether employé was required to assist in loading tools into automobiles, held for jury.**

In action under Compensation Law for death of employé from automobile collision, whether employer expressly or impliedly agreed to convey employé to and from his work in its automobiles, and whether as part of such agreement employé was required to assist in loading into such automobiles tools and supplies to be hauled to employer's lease, *held* for jury.

**3. Master and servant ⚌375(2)—Employé held in employ of employer within Compensation Law, from time he left place where he lived until he returned by transportation provided.**

If transportation from place where deceased employé lived to place of his employment was part of contract of employment, employé was in employ of employer within Compensation Law from time he left place where he lived until he returned by transportation provided.

**4. Master and servant ⚌375(2)—That collision injuring employé while transported occurred on highway some distance from employer's premises would not bar compensation.**

If transportation of deceased employé was part of contract of employment, that accidental collision resulting in his death occurred on a public highway some distance from employer's lease would not of itself bar employé's dependents from compensation, and relation of employer and employé would exist during transportation from place where employé lived to the lease, whether transportation was a part of consideration of employment, or done by consent of employer as an incident to service of employé.

**5. Master and servant ⚌375(2)—That truck driver used own car in transporting employé, instead of truck furnished, would not defeat recovery of compensation for employé's injury.**

If contract to transport deceased employé existed, and as part thereof deceased was required to assist in loading machines of his employer at place where he lived, that truck driver, who had charge of truck, elected on occasion of fatal accident to use his own car with which to perform service for his employer, instead of truck furnished, would not defeat a recovery under Compensation Law for employé's death.

**6. Master and servant ⚌375(2)—Employé transported would be acting in course of employment in assisting in loading machines at place where he lived, although he spent nights with family.**

If contract to transport employé existed, it was a part of employment that employé should go from employer's lease to town where he lived to assist in loading machines, and also to return to lease to resume his labors there, and under such contract he would be acting in course of his employment under Compensation Law, although he spent the nights with his family.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by Mrs. Myrtle Thetford and others against the London Guarantee & Accident Company, Limited. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Weeks, Morrow, Francis & Hankerson and Neal Powers, all of Wichita Falls, for appellants.

Luther Hoffman, of Wichita Falls, for appellee.

JACKSON, J. This suit was instituted in the district court of Wichita county, Tex., by Mrs. Myrtle Thetford and by her three minor children, through her, as next friend, appellants, against the London Guarantee & Accident Company, Limited, the appellee, to recover under the provisions of the Workmen's Compensation Law of this state for the death of her husband and the father of the children, N. J. Thetford, who was killed by an accident while in the employ of the Mutual Oil Company, which carried indemnity insurance with the appellee.

Appellants presented their application for compensation for the death of the deceased to the Industrial Accident Board of the state, compensation was refused, and they gave notice that they would not abide the result of the final order of the board, and in due time filed this suit. They alleged that N. J. Thetford was on April 30, 1924, the date of the accident resulting in his death, an employé of the Mutual Oil Company and acting in the course of his employment, and while assisting in the transportation of certain tools from Wichita Falls to a lease belonging to his employer in Archer county, and while riding in the car of one of his coemployés in which the tools were being transported, as a result of an accidental collision between the car in which he was riding and a car driven by R. D. Underwood, he was killed; that prior to the time of the accidental collision which resulted in the death of deceased his employer had obligated itself to furnish him transportation from his home in Wichita Falls, Tex., to his place of work on the lease in Archer county, Tex., a distance of about

25 miles; that, if appellants are mistaken as to an express obligation to furnish such transportation, then the employer of the deceased had impliedly bound and obligated itself to transport him from his home in Wichita Falls to his usual place of work on the lease in Archer county, Tex.

The appellee answered by general demurrer, general denial, and alleged that the deceased was not injured in the course of his employment, but was engaged in a private enterprise for his own pleasure, and was in no way connected with the furtherance of the affairs of his employer; that on the afternoon prior to the accident deceased quit his work on the lease of the Mutual Oil Company in Archer county, Tex., after the hours of his employment were over, and secured permission from M. Marshall to ride with him in his automobile to Wichita Falls, which, as an accommodation to the deceased, the said Marshall granted; that upon arriving at Wichita Falls the deceased secured permission to return to the lease on the following morning with Marshall in his private automobile; that on the date of the accident the deceased and Marshall left Wichita Falls in Marshall's car, and on the way to the lease, on which the deceased was employed to work, the collision occurred which resulted in his death.

The case was tried before a jury, and at the conclusion of the testimony the trial judge directed a verdict in favor of the appellee, from which action the appellants prosecute this appeal.

The evidence tends to show that the appellants are the legal beneficiaries of N. J. Thetford, who lost his life in an automobile accident on a public road leading from Wichita Falls, where he lived, to the lease of his employer in Archer county, on which he worked, approximately 25 miles; that said road was the one usually and customarily traveled by the employés of the Mutual Oil Company going from Wichita Falls to the lease; that the Mutual Oil Company carried indemnity insurance with appellee for the benefit of its employés; that the deceased had been working as a roustabout for said company for about six weeks at the time of his death; that the employer had no accommodations for its employés who desired to stay and sleep on the lease; that some of them stayed in the vicinity, and some lived in Wichita Falls, going to and from the lease practically every day. A few of them occasionally slept in the engine room or warehouse on the lease, upon bedding they furnished and spread upon the floor; that the company secured its supplies and tools in Wichita Falls, and transported them to the lease in trucks and automobiles; that special trips were not ordinarily made for that purpose, but, when such tools or supplies were needed, they were carried in the early morning to the lease on these motor vehicles, and some of the employés, who stayed at Wichita Falls, were permitted almost each day to ride to their work on such vehicles; that the company owned a truck driven by M. Marshall, used for transportation purposes both on the lease and from Wichita Falls to the lease; that it owned and furnished to the timekeeper, Jacob G. Eipper, a car called a Ford tool pusher, which he used to make the trip from Wichita Falls to the lease and back every day, and which was also used for hauling purposes; that it owned and furnished to M. H. Shanahan, its assistant superintendent, a Buick touring car for his use, and in which he went to and from the lease and to other places on business for his company, and in which sometimes material was carried to the lease; that these machines made the trip from Wichita Falls to the lease and back nearly every night and morning, and that each employé in charge of one of the machines had his headquarters or home in Wichita Falls, and made the trip back and forth practically every day; that the company knew that said employés used these machines to go back and forth to their work, and knew they carried other employés back and forth in said machines almost daily; that each of them on different occasions carried the deceased to his work in the morning and brought him home at night; that he would meet these respective employés, usually at the Kemp Hotel in Wichita Falls, early in the morning and ride to his work; that on several occasions he helped to load tools into the machines at Wichita Falls to be carried to the lease. On a few occasions he reached his work after 7 o'clock, the hour for beginning, but nothing was deducted from his wages on account of his arriving late; that the evening before the accident occurred the next morning the truck driver, M. Marshall, having no heavy tools nor supplies to be carried out to the lease, came to Wichita Falls in his private car and brought the deceased with him; that they started from Wichita Falls to the lease in Marshall's private car on the next morning, and on the road regularly and customarily traveled the collision occurred in which the deceased lost his life.

The testimony tends to show that M. H. Shanahan, a few days after deceased began work, agreed with him that he might stay at home in Wichita Falls at night, and ride to his work each morning, and ride home after work hours each evening in some one of the company's machines, as he would be needed lots of times to assist in loading and unloading tools into and out of the machines; that the regular working hours of the deceased ended at 5 p. m. each day, but occasionally he worked overtime, and when he did he would spend the night on the lease, sleeping on his bedding spread down on the cement floor of the engine room, because he was unable, after working extra time, to

secure a ride home on one of the machines of the company; that he worked seven days a week at $5 per day, and as often as five nights each week he came to his home in Wichita Falls on one of the trucks or automobiles of the company and returned to his work the following morning the same way, and the company knew of this practice and custom of the deceased and made no objection thereto; that during his employment each day on which the deceased went to his work and returned home he rode in one of the company's machines driven by one of its employés, until the evening preceding the accident, M. Marshall, the truck driver brought deceased home in his private car, because on that particular occasion there was nothing except small tools to be transported the next morning from Wichita Falls to the lease, all of which could be and were carried in the private car of Marshall, who desired to drive his own car on that day rather than the truck of the company. He and the deceased were returning to and next morning in said private car at the time of the accident which cost the deceased his life.

[1] In order to determine whether there was an issue of fact to be submitted to the jury, the evidence most favorable to appellants must be considered. Kirksey v. Southern Traction Co., 110 Tex. 190, 217 S. W. 139; Barron v. Houston, etc., Ry. Co. (Tex. Com. App.) 249 S. W. 825; Texas Employers' Insurance Co. v. Herring (Tex. Com. App.) 280 S. W. 740.

[2, 3] Testing the evidence by these rules, there was an issue of fact as to whether the employer expressly agreed to convey the deceased to and from his work in one of such machines, and, if there was no express agreement, whether it had impliedly contracted to convey the deceased to and from his work, and whether or not as a part of such agreement it was the duty of the deceased to assist in loading into the company's vehicles at Wichita Falls, where they were obtained, the tools and supplies to be hauled to the lease. Should these issues be answered in favor of the appellants, would they, in connection with the other facts and circumstances revealed by this record, be entitled to compensation under the Workmen's Compensation Act? If the transportation was a part of the contract of employment, the deceased was in the employ of the Mutual Oil Company from the time he left Wichita Falls until he returned by the transportation provided. Western Indemnity Co. v. Leonard et al. (Tex. Com. App.) 248 S. W, 655; Kirby Lumber Co. v. Scurlock, 112 Tex, 115, 246 S. W. 76; Lumbermen's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402.

[4-6] The fact that the accidental collision resulting in the death of the deceased occurred on a public highway some distance from the lease of the employer would not, of itself bar appellants from compensation, and the relation of employer and employé would exist during the transportation from Wichita Falls to the lease, whether the transportation was a part of the consideration of employment, or done by the consent of the employer as an incident to the service of the employé. Jones v. Casualty Reciprocal Exchange (Tex. Civ. App.) 250 S. W. 1073. If the contract to transport existed, whether express or implied, and as a part thereof the deceased was expected and it was his duty to assist in loading the machines of his employer at Wichita Falls, the fact that M. Marshall, the truck driver, and who had charge of his employer's truck, elected, on the occasion of the fatal accident, to use his own car with which to perform the service for the employer, instead of the truck furnished, would not, in our opinion, defeat a recovery. Consolidated Underwriters v. Breedlove, 114 Tex. 172, 265 S. W. 128; Employers' Liability Ins. Corp., Ltd., v. Light et al. (Tex. Civ. App.) 275 S. W. 685. If such contract existed, it was a part of the employment that the deceased should go from the lease in Archer county to the town of Wichita Falls in order to assist, if his services were needed, in loading the machines, and also to return to the lease to resume his labors there, and hence, under such contract, he would be acting in the course of his employment, although he spent the nights with his family in Wichita Falls. Industrial Commission of Colorado et al. v. Ætna Life Ins. Co., 64 Colo. 480, 174 P. 589, 3 A. L. R. 1336.

So far as this record reveals, the act of deceased in going to Wichita Falls and returning to his work in the car of his coemployé because the truck was not driven on said occasion, did not render the trip any more hazardous, nor add any additional risk thereto. Gilbert's Case (Mass.) 149 N. E. 412.

Under the facts disclosed by this record, we are of the opinion that the trial court committed error in directing a verdict against appellants, for which reason the judgment is reversed and the cause remanded.