## PARKER v. ROYAL INDEMNITY CO.

### No. 11394.

Court of Civil Appeals of Texas. Dallas.

March 18, 1933.

Rehearing Denied April 22, 1933.

244

White & Yarborough, of Dallas, for appellant.

Robertson, Robertson & Payne, of Dallas, for appellee.

LOONEY, Justice.

W. C. Parker appealed from the final decision of the Industrial Accident Board on his claim for compensation for injuries alleged to have been sustained while in the course of employment with Buick Motor Company, subscriber; appellee, Royal Indemnity Company, being the insurance carrier.

When injured, appellant had been working for Buick Motor Company, at its business establishment in the city of Dallas, for nearly two years; his duties were varied, that is, he served as fireman, janitor, and special officer; as fireman it was his duty to fire the boiler and keep the building warm; as janitor to scrub the floors and keep the office furniture clean; as special officer to see that the law was not violated in and around the building, to watch the entrance thereto, and cars brought to the plant, and those belonging to the employees and Buick dealers, while parked on both sides of Harwood street, on which the business establishment of the motor company abutted. The morning of the injury appellant was at work at the plant, but, not feeling well, told his superior, Mr. Robinson, building superintendent, that he thought he was taking flu; thereupon Mr. Robinson gave him some soda mint tablets as a preventive, also gave him 25 cents, with directions to go to the drug store across the street (Harwood) in about an hour, buy more tablets and take them; so, as directed by Robinson, appellant was in the act of crossing the street to the drug store for the medicine, when struck by an automobile, knocked down, and severely injured. The place where appellant was struck by the auto was within the zone where he was required to perform duties as special officer, and when struck was watching the building of his employer.

At the conclusion of the evidence, on motion of appellee, the court instructed a verdict in its favor, on the theory that appellant's injuries were not sustained in the course of employment, within the meaning of the Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.). Judgment was rendered against appellant accordingly, from which he appealed.

But two questions are presented for consideration: One, the alleged error of the court in directing the verdict; the other, error in excluding certain evidence offered by appellant. These questions invoke the identical doctrine and are ruled by the same authorities.

We think appellant could, with propriety, combine the purely personal purpose of his trip across the street to the drug store for medicine, with the discharge of duties as employee, without departing from the scope of his employment. Whether or not an employee

when injured is in the course of employment is ordinarily a question of fact, and, in the instant case, we think the facts tended strongly to show (and the jury would have been authorized to find) that the activity of appellant when injured, though primarily to serve an immediate personal purpose, was intimately connected, interwoven, had to do with, and originated in, the work and business of his employer, and that he sustained the injuries while engaged in and about the furtherance of the affairs and business of his employer.

Many cases may be found more or less analogous to the case at bar, but are of no special value as precedents, because not directly in point; however, we are not without controlling precedent from our own courts, as well as from courts of other states.

In Southern Surety Co. v. Shook et al. (Tex. Civ. App.) 44 S.W.(2d) 425, 429 (writ refused by the Supreme Court), the Eastland court had before it and allowed compensation in a case based upon facts in substance as follows: Lucien Shook was employed by Braden Company, as pumper on an oil lease in Eastland county, his duties being to keep the pump in operation night and day; he lived alone, and occupied a two-room shack near the oil well being pumped; kept dogs and hunted in the vicinity; maintained a croquet court near the shack for diversion, and did not at all times remain upon the lease or at the pump; all this was known to his superintendent. About 6 p. m. September 7, 1928, three young men of the community approached the shack where Lucien Shook stayed, to rob or murder him, but, finding his brother Leon present, one of the three outlaws, named Thompson, for the purpose of enticing the Shook brothers from the shack, falsely stated that some wolves were held at bay over the hill about a half mile away, requested the Shook brothers to accompany the party with their dogs, lantern, etc., on a wolf hunt; this was agreed to, and, while approaching the place where the wolves were supposed to be held at bay, walking single file, Thompson shot and killed both Lucien and Leon Shook. The facts show that the noise of the pump in operation was heard for more than a mile, and that the place where the wolves were supposed to be was within that radius. Mrs. Shook, mother of Lucien, and other legal beneficiaries, filed suit to set aside an award of the Industrial Accident Board denying compensation.

The opinion of Judge Hickman is lengthy, but his reasoning may be gleaned from the following excerpt, he said: "The logical conclusion of appellant's argument is that he [Lucien Shook] was on employment only when he was actually at work. Under the strict construction which it employed he was not on duty while sitting in his shack listening to the engine. Our view is that, so long as he was in a zone where he could hear the engine and was in a position where he could go to

it when occasion arose, it could make no difference whether he were sitting quietly in his shack, sleeping, eating, exercising, dancing, playing cards, or doing anything else. Of course, if the dancing, card playing, etc., afforded the reason for his being murdered, a different case would be presented. Suppose he and his brother had been dancing or playing cards together or with others in the shack when these boys came up and Thompson had then shot him for the purpose of robbery. Should that fact operate to deny a right of recovery? We think not.

"Shook's employment was analogous to that of a driver of a fire truck. He spends twenty-four hours per day in and around the fire station to be in readiness to go to a fire when an alarm is turned in. Could it be reasonably and justly contended that such fireman would not be in the course of his employment while playing games in the fire station or playing croquet or baseball on the outside within convenient distance thereof and within hearing of the gong? Surely not. The same reasoning that would exclude Shook under the facts of this case would likewise exclude the fireman under the facts of the suggested case."

Comparing the Shook Case with the case at bar, it is obvious that the Eastland court, in holding that the death of Lucien Shook, received under the circumstances there involved, was compensable, extended the rule of liberal construction much further than is necessary should be done to hold that the injuries received by appellant are compensable under the Compensation Law.

The facts in Taylor v. Hogan Milling Co., 129 Kan. 370, 282 P. 729, 66 A. L. R. 752, were these: An employee of a milling company, during his hours of service, went to an upper floor on a man lift to pay a bill owed to a fellow employee, with the permission of his foreman. It was a rule of the employer that employees should pay their bills to collectors when they called, and to do so on the company's time, and it was the practice of the company that employees, in going from one floor to another, should use the man lift; the purpose being to conserve the time and energy of employees. While the employee was going to the fourth floor on the man lift to pay the bill, he sustained an injury for which he claimed compensation under the Workmen's Compensation Law. Held, under the circumstances and evidence related in the opinion, the injuries suffered were incidental to his employment and arose out of it, and therefore he was within the protection of the Workmen's Compensation Law.

In Thomas v. Proctor & Gamble Mfg. Co., 104 Kan. 432, 179 P. 372, 375, 6 A. L. R. 1145, the plaintiff, an employee, was injured during the noon intermission; remaining after lunch, she and other employees, engaged

in playing on a truck which was an approved custom at the plant, and while at play, was accidentally injured. The court held that this was an incident of the employment, and that the accident arose out of and in the course of the employment.

The same court, in White v. Kansas City, etc., Co., 104 Kan. 90, 177 P. 522, said that injuries arise out of the employment whenever they are such as the character of the business, or the conditions under which it is carried on, make likely, and the result either was or should have been in the contemplation of the employer.

The case of McDonnell v. Swift & Co., 124 Kan. 327, 259 P. 695, bears a close resemblance to the case at bar. There an employee used his own car in going to the employer's plant, and had been assigned a place in the company's yards to park his car. On the morning of the injury he found that some one else had used the space allotted to him; this fact was reported to his foreman, who told him to ascertain who owned the car and have it removed. The employee started to carry out the suggestion of his foreman, and, while passing through the plant, fell into a vat of hot water, and was so badly scalded that he died. Although the automobile which he was endeavoring to park was his private property, neither needed nor used in his employer's business, and notwithstanding the parking of the car was his own private business, and not a matter of concern to his employer, yet it was held that he was within the protection of the Compensation Law. He was in the plant of his employer, as in the instant case, had been directed by his foreman to go on an errand of primary interest to himself, as in the instant case, and was injured while following the directions of his foreman, as in the instant case.

In Archibald v. Workmen's Comp. Com'r, 77 W. Va. 448, 87 S. E. 791, 792, L. R. A. 1916D, 1013, acts of an employee of a personal nature, engaged in at the time the injury was received, were commented upon by the Supreme Court of West Virginia as follows: "Such acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof is deemed to have arisen out of the employment. A man must breathe and occasionally drink water while at work. In these and other conceivable instances he ministers unto himself, but in a remote sense these acts contribute to the furtherance of the work. * * * That such acts will be done in the course of employment is necessarily contemplated, and they are inevitable incidents. Such dangers as attend them, therefore, are incident dangers. At the same time injuries occasioned by them are incidents resulting from the employment."

In the light of these authorities, we are of opinion that the facts demanded the submission of the issue as to whether appellant's injuries were sustained in the course of employment, and that the court erred in directing a verdict for appellee.

Appellant also assigns as error the refusal of the court to allow him to testify as stated below. After testifying that Mr. Robinson, building superintendent, gave him some soda mint tablets, as a flu preventive, also 25 cents, and directed him within an hour to go to the drug store, purchase more and take them, he offered to testify further that Robinson said to him in this connection: "We don't want you sick around here, I want you to be in shape to carry your work on down here every morning at 5:30 and fire up the boiler, no one here to take your place now, we want you on duty." This testimony was excluded on objection by appellee that it was irrelevant and immaterial.

The excluded evidence tends to show that the injuries received by appellant while crossing the street to the drug store to purchase medicine, as directed by his superior, originated in and had to do with the work and business of the Buick Motor Company, and were received while appellant was engaged in and about the furtherance of the affairs and business of his employer hence we think the court erred in excluding same.

For the errors above indicated, the judgment below is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.