NATHAN LATTER'S (dependent's) CASE.

Suffolk.    March 15, 1921. — April 7, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

An injury, received by an employee of a tenant on the fifth floor of a building by reason of the premature starting of an elevator which he was entering at the first floor of the building on his way to work, occurred in the course of and arose out of his employment, within the provisions of the workmen's compensation act, although the employer's lease from the landlord, who maintained the elevator for the use of all the tenants in the building, contained no reference to use of the elevator, the elevator did not open directly upon the employer's leasehold, communication being through a hallway, and there also was access to the premises by a stairway, if it appears that the obvious intent of the parties to the lease was that the employer and those in his service had a right to use the elevator for purposes properly connected with the occupancy of the leased premises and that most of the employees used the elevator.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board affirming and adopting findings and rulings of a single member of the board that injuries resulting in death, received by Nathan Latter, an employee of M. S. Kondazian, on May 15, 1920, by reason of the premature starting of an elevator, which he had taken at the first floor of a building on the fifth floor of which his employer was a tenant, occurred in the course of and arose out of his employment, and that compensation should be awarded to the claimant, his widow.

In the Superior Court, the case was heard by *Sisk*, J., by whose order a decree was entered in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

The case was submitted on briefs.

*I. F. Carpenter & L. R. Wentworth*, for the insurer.

*J. L. Wiseman*, for the claimant.

JENNEY, J. The question to be decided is whether an employee's death — caused by the premature starting of a passenger elevator — occurred in the course of and arose out of the employment.

Nathan Latter was in the service of one Kondazian. His hours of labor commenced at eight in the forenoon, and the accident happened shortly before that time while he was on his way to work on the fifth floor of a building. The employer was in possession of that floor under a lease which contained no reference to the use of the elevator, which was maintained for the use of all the tenants and was neither operated nor controlled by the employer. It did not open directly into the employer's leasehold, communication being through a hallway. There was also a stairway by means of which access could be had to the employer's factory. There was evidence that while both the elevator and stairway were used by those in the service of the employer, most of the employees used the elevator.

By clear implication and the obvious intent of the parties to the lease, as against the landlord, the employer and those in his service had a right to use the elevator for purposes properly connected with the occupancy of the premises leased, while it was maintained by the landlord. *Brande* v. *Grace*, 154 Mass. 210. *Raynes* v. *Stevens*, 219 Mass. 556. *Miller* v. *FitzGerald Dry Goods Co.* 62 Neb. 270. *Shaft* v. *Carey*, 107 Wis. 273. See also *McCall* v. *New York Life Ins. Co.* 201 Mass. 223.

Although the elevator was not the only means of access provided for an employee, it was maintained for such use as was reasonably incidental to the employment. When using it in going to and returning from work an employee of Kondazian was in a place where he had a right to be as against the landlord and as against the employer, who could have been found to have authorized its use. This right was dependent upon and arose from the employment; and the risk of injury while using the elevator was an incident and hazard of the employment. "An injury to a workman may arise out of and in the course of his employment even if he is not actually working at the time." *Von Ette's Case*, 223 Mass. 56, 61.

The case is within the principle of *Sundine's Case*, 218 Mass. 1, *O'Brien's Case*, 228 Mass. 380, *O'Toole's Case*, 229 Mass. 165, 167, and *Hallett's Case*, 232 Mass, 49. See *White* v. *E. T. Slattery Co.* 236 Mass. 28. It is distinguishable from *Fumiciello's Case*, 219 Mass. 488, *Rourke's Case*, 237 Mass. 360, and *Bell's Case, ante,* 46, where injuries were received at places not connected with and not in legal effect a part of the premises where the employees were employed. We do not fix any exact line of demarcation, as each case must be decided on application of the governing principles to the facts involved.

*Decree affirmed.*