## PETROLEUM CASUALTY CO. v. GREEN.
### (No. 692.)

Court of Civil Appeals of Texas. Waco.
Oct. 25, 1928.

Rehearing Denied Nov. 22, 1928.

lant herein, against S. H. Green, appellee herein, to set aside an award to said Green by the Industrial Accident Board under the provisions of the Workmen's Compensation Law of this state for an injury alleged to have been sustained by the said appellee while in the employ of the Humble Pipe Line Company, which carried compensation insurance with appellant. The case was tried before the court without a jury, and judgment rendered awarding appellee compensation, which judgment appellant here presents for review.

### Opinion.

Appellant's principal contention in this case, which it presents by several separate propositions, is that the injury suffered by appellee was not sustained in the course of his employment, as that term is defined by article 8309 of the Revised Statutes. Appellee was working for the Humble Pipe Line Company as a pipe fitter and joiner. Said company maintained what is termed a camp on premises under its control, at which camp its employees were required or expected to assemble each morning. They were then carried by the company's truck to the place or places where their labor during the day was to be performed. At the close of the day's labor they were returned to the camp on said truck. The only remaining service to be performed on returning to the camp was to unload the tools and place them in the toolhouse. When this was done, the day's work was over, and the employees were free to return to their homes, or go elsewhere, as they pleased. There was a bunkhouse situated at this camp, in which some of the employees resided, but there was no provision therein for the accommodation of men with families, such as appellee. The testimony does not disclose whether there were accommodations in the bunkhouse for all the employees regardless of their families, and there is no contention that the company required or even desired that all its employees should reside therein. Some of the employees, without, so far as shown, any objection on the part of said company and apparently with its tacit consent and approval, came to the camp each morning in their private cars, parked the same near said bunkhouse, and returned to their homes therein when discharged from service in the evening. In doing so such employees left the highway and traveled a private road over the premises so controlled by said company, a distance of about 175 yards to said camp, where they parked their cars as aforesaid. This was the usual and customary place of ingress and egress to and from said camp by employees residing at their respective homes. Appellee resided in the city of Corsicana, some distance from said camp, as did Mr. Herring and

K. W. Gilmore, of Houston, and Richard & A. P. Mays, of Corsicana, for appellant.

A. H. Willie and Callicutt & Upchurch, all of Corsicana, for appellee.

GALLAGHER, C. J. This suit was instituted in the district court of Navarro county by the Petroleum Casualty Company, appel-

Mr. George, two other employees of said company. Mr. Herring came to and returned home from his work every day in his own private car. Appellee arranged with him for transportation to and from his work therein on terms mutually satisfactory to both. On the day of the accident, Mr. George was a guest in Herring's car. When appellee completed his service for the day, he went by the bunkhouse to inquire of the timekeeper if he was to return the next day, and, being informed that he was, started immediately for the car to return home. He found Mr. Herring in the car and Mr. George trying, unsuccessfully, to crank the same. Without any request from Mr. Herring, he asked Mr. George to let him crank the car. He attempted to crank it, but it backfired and broke his arm, the injury complained of in this case.

The article of our statutes above referred to provides that with certain exceptions not relevant here, the term, an "injury sustained in the course of employment," shall include "injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." Appellee, when he left the highway on the morning of the accident and entered the premises of his employer, entered what is termed by the authorities the area or zone of his employment, and he continued therein until after, having finished his labors for the day, he could in the usual and customary time and manner have returned to the highway from said camp. All dangers and perils incident to the use of such method of entrance and retirement were perils incident to and arising out of his employment. Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 73, 75, 28 A. L. R. 1402; Kirby Lumber Co. v. Scurlock, 112 Tex. 115, 246 S. W. 77, 79; Procaccino v. Horton & Sons, 95 Conn. 408, 111 A. 594, 595. It was not necessary that the injury complained of by appellee should have been sustained during the hours of actual service which he was required by the terms of his employment to render to said company. The course of his employment was not limited to the exact moment when he reported for duty at the camp that morning, nor to the moment when his labors for the day were completed. It necessarily included reasonable time thereafter to return from said camp to the highway in the usual and customary manner. Lumberman's Reciprocal Ass'n v. Behnken, supra; Employers' Liability Assurance Corporation v. Light (Tex. Civ. App.) 275 S. W. 685, 687 (writ refused), and authorities there cited; Wabash Railway Co. v. Industrial Commission, 294 Ill. 119, 128 N. E. 290, 292; Judson Mfg. Co. v. Industrial Accident Commission, 181 Cal. 300, 184 P. 1, 2. Neither was it necessary that appellee should have been at the time discharging some specific duty required by his employment. It was sufficient that he was at the time engaged in doing something incident to his employment. We quote on this issue from United States Casualty Co. v. Hardie (Tex. Com. App.) 299 S. W. 871, 874, as follows:

"An accident arises in the course of and out of the employment when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duty and while he is fulfilling that duty *or engaged in doing something incidental thereto.*" (Italics ours.)

The leaving of the premises where appellee was employed was so closely connected with his employment as to render it a necessary incident thereto. Wabash Railway Co. v. Industrial Commission, supra (294 Ill. 119), page 293 of 128 N. E. Since it was neither required nor contemplated that appellee should spend his nights in the bunkhouse at the camp, it was necessary, in order for him to discharge the duties required of him each day, that he enter the premises of his employer and repair to said camp and there report for duty, and, when relieved of duty, that he should return to the highway that he might proceed thereon to his home for rest and sleep. Whatever dangers or perils he encountered in entering said premises and approaching the camp and in leaving the same and returning to the highway in the usual and customary manner were encountered that he might perform the duties imposed by his contract of service. Without subjecting himself thereto, he could not discharge such duties. The accident which caused the injury sustained by him arose out of his attempt to return to the highway in the usual and customary manner. In the language of our Supreme Court in a similar case, "to hold that he was not acting in furtherance of the affairs or business of [said] company would be to give a strict interpretation to this remedial statute, which should be liberally construed with a view to accomplish its purpose and to promote justice." Lumberman's Reciprocal Ass'n v. Behnken, supra (112 Tex. 112) page 74, par. 3, of 246 S. W. If the undisputed facts do not show as a matter of law that the injury so suffered by appellee was sustained in the course of his employment, as defined by the statute, they are ample to sustain the finding of the trial court to that effect. Lumberman's Reciprocal Ass'n v. Behnken, supra; Kirby Lumber Co. v. Scurlock, supra; Texas Employers' Insurance Ass'n v. Thomas (Tex. Civ. App.) 283 S. W. 240, 242 (writ refused); Consolidated Underwriters v. Breedlove, 114 Tex. 172, 265 S. W. 128, 129, 130; Employers' Liability Insurance Cor-

poration v. Light, supra; Western Indemnity Co. v. Leonard (Tex. Com. App.) 248 S. W. 655, 657; Fidelity Union Casualty Co. v. Hammock (Tex. Civ. App.) 5 S.W.(2d) 812, 814, 816; Procaccino v. Horton & Sons, supra; Wabash Railway Co. v. Industrial Commission, supra; Judson Mfg. Co. v. Industrial Accident Commission, supra; Merlino v. Connecticut Quarries Co., 93 Conn. 57, 104 A. 396, 397; De Constantin v. Public Service Commission, 75 W. Va. 32, 83 S. E. 89, L. R. A. 1916A, 329; In re Stacy, 225 Mass. 174, 114 N. E. 206, 207; Bylow v. St. Regis Paper Co., 179 App. Div. 555, 166 N. Y. S. 874, 877; In re Sundine, 218 Mass. 1, 105 N. E. 433, L. R. A. 1916A, 318.

▆ Appellant's said contention is based on the theory that, since the cranking of the car by appellee was a voluntary act, done for personal purposes, the danger attending such act was not a hazard incident to appellee's employment. There was no contention that the employer had in any way undertaken to furnish appellee transportation to and from the camp through its premises. Neither was there any contention that the employer owned said car or had any control over the same. It is conceded that said car was the private property of said Herring and that appellee was being transported therein by virtue of some agreement between him and said owner. In making such agreement, however, he was not doing anything improper, censurable or unlawful. Neither was he doing anything forbidden by his employer. We think that the situation is substantially the same as it would have been if he had owned the car himself and his injury had resulted while he was attempting to crank the same. He was as much interested in starting the car as if it had been his own, because until it started his only means of transportation from the premises and to his home were unavailable. Such transportation was, as heretofore shown, a necessary incident to the service he was rendering his employer, and, under the facts shown, the means employed must have been necessarily known to the employer and to have been tacitly approved and consented to by it. It is not necessary, to render an injury received in entering or retiring from the employer's premises compensable, that it should result from some danger necessarily incident in the use of such premises in the manner intended by the employer. In the case of Employers' Liability Insurance Corporation v. Light, supra, the employee, Light, was riding on a truck which belonged to and was operated by a coemployee, and the employer was in no way responsible therefor. While said truck was traveling over a private road provided by the employer as a means of ingress and egress to its premises, Light "slipped from the truck on which he was riding and was run over and killed." There was no defect in the road which caused or contributed to the accident. It was level and smooth and fraught with no inherent hazard. So far as shown, Light's fall from said truck was due solely to his own lack of attention or care. It was contended in that case that the danger encountered by Light in the use of such private means of transportation over said roadway was not a risk incident to his service for his employer. We quote from the opinion in that case (pages 687, 688 of 275 S. W.) as follows:

"Nor is there any merit in appellant's contention that only where there is a 'danger caused by the permanent condition of such place,' or means of access to such place of employment, such as a railroad crossing or other similar hazard, is there a risk incident to the business; his contention being that, in as much as the place where Light was killed was level, smooth, and fraught with no hazards, there was no risk to be borne by the employment, and hence none insured against by appellant. * * * The right of recovery is based upon the relationship, and not on the danger involved."

Compensation was awarded in that case and writ of error was refused by the Supreme Court. See, also, in this connection, Western Indemnity Co. v. Leonard, supra; Fidelity Union Casualty Co. v. Hammock, supra; Bennett v. Russell & Sons Co., 12 N. C. C. A. 659, note; Taylor v. Jones, 1 B. W. C. C. 3; Hoskins v. Lancaster, 3 B. W. C. C. 476; In re Hallett, 232 Mass. 49, 121 N. E. 503; In re Stacy, supra; In re Von Ette, 223 Mass. 56, 111 N. E. 696, 698, L. R. A. 1916D, 641; Stephens Engineering Co. v. Industrial Commission, 290 Ill. 88, 124 N. E. 869, 870; Sharp v. Johnson, 2 K. B. (Eng.) 139.

▆ Appellant complains of the judgment of the court awarding appellee a recovery of $12 for a sanitarium bill and $50 for a doctor's bill incurred by him. Appellee testified that he spent two days in the sanitarium and that he was charged $12 therefor. He also testified that he was treated by a physician several times a week for a period of about three months and was charged $50 therefor. He further testified that neither of said bills had been paid. There was no testimony that said charges were reasonable. Such proof was necessary before a recovery could be properly awarded. M., K. & T. Ry. Co. v. Warren, 90 Tex. 566, 567, 40 S. W. 6; Wheeler v. T. S. E. Ry. Co., 91 Tex. 356, 361, 43 S. E. 876; H. & T. C. Ry. Co. v. Rowell, 92 Tex. 147, 149, 150, 46 S. W. 630; American Produce Co. v. Gonzales (Tex. Com. App.) 1 S. W.(2d) 602, 604.

For this error, the judgment of the trial court is reversed, and the cause remanded.