## FEDERAL SURETY CO. v. RAGLE.

No. 1468—5706.

Commission of Appeals of Texas, Section A.

June 10, 1931.

Burgess, Burgess, Chrestman & Brundidge and L. E. Elliott, all of Dallas, for plaintiff in error.

Grindstaff, Zellers & Hutcheson, of Weatherford, for defendant in error.

SHARP, J.

This suit was instituted in the district court of Jack county by the Federal Surety Company to set aside an award of the Industrial Accident Board made in favor of W. E. Ragle for 100 weeks' compensation for the loss of the sight of his eye sustained by him as a result of an accident occurring while he was attempting to start a car. Ragle was employed by Shaw & Rathke, a copartnership engaged in the business of producing oil and gas and who were subscribers under the Workmen's Compensation Act (R. S. 1925, art. 8306 et seq.) with the Federal Surety Company; that Ragle was a foreman for Shaw & Rathke, who were engaged in drilling an oil well on a farm about six miles from the town of Bryson; that it was Ragle's duty to see that the men employed upon the lease reported for duty; that no arrangement had been made upon the lease to house and care for the employees, and that the greater number, including Ragle, who resided in the town of Bryson, went to and from the lease; that Shaw & Rathke had not assumed any obligation to provide means of transportation for the workmen, but such workmen as resided in Bryson provided their own means of transportation, sometimes driving their own automobile and at other times riding with a coemployee; that on or about December 27, 1927, while Ragle was so employed, and a short time before the end of the day's work, he sent one of the employees to the car of the coworker, with whom he had arranged to ride home, to crank the car and get it ready for the journey; that such employee reported that he was unable to start the motor; and that Ragle laid aside his work clothes, went to the car, and, in an effort to crank it, a spark plug or something blew out and struck him in the left eye, which resulted in a complete loss of its sight.

The trial before the court resulted in a judgment for Ragle for 100 weeks' compensation at the rate of $20 per week, which judgment was affirmed by the Court of Civil Appeals. 25 S.W.(2d) 898. A writ of error was granted on the alleged conflict of opinions.

Plaintiff in error contends that:

(1) Since it appears from the evidence that Shaw & Rathke did not undertake to, and did not, furnish any transportation for W. E. Ragle, and that the injury complained of was sustained by said Ragle after he had quit work for the day, and while voluntarily engaged in starting an automobile for the purpose of transporting himself from his work to town, the injury was not sustained while in the course of employment.

(2) Since the employee, Ragle, under the terms of his employment, was to furnish his own transportation to and from his work, the injury sustained by him while engaged in attempting to start an automobile by which he was to be transported from his work was not an injury having to do with and originating in the work of his employer.

The single question presented for consideration is: Were the injuries for which compensation was sued for and awarded received by the defendant in error while engaged in or about the furtherance of the business of his employer and did they originate in and arise out of such employment?

Article 8309, R. S. 1925, provides that, with certain exceptions not relevant here, such injuries "shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

The judgment of the trial court recites that defendant in error suffered the accidental injury on the day stated "while in the course of his employment for Shaw & Rathke in Jack County, Texas; and that at the time of said injury he was engaged in and about the furtherance of the affairs and business of the said Shaw & Rathke, and that the said injury had to do with and originated in his employment with the said Shaw & Rathke and around and upon the premises of the said Shaw & Rathke and that the injury is compensable under the Workmen's Compensation Act of the State of Texas."

The Court of Civil Appeals, in its opinion, found as follows: "In the case before us, the appellee's injury was sustained on the premises of his employer and in the immediate vicinity of appellee's work. While appellee's employer had not assumed the obligation of transporting appellee and his colaborers to and from Bryson to the work, yet it knew of the arrangement followed, and plainly recognized the necessity of the method of transportation. Appellee at the time was engaged in the performance of an act necessary to transport him and others over the roadway across the lease to the main traveling way leading to Bryson, his home, thus, as we conclude, falling within the beneficial terms of the Workmen's Compensation Act."

The record shows that Ragle was foreman of the crew on work at the well; that no place was prepared there for the men to stay while not at work; that they, as a matter of course, would be compelled to go to and from their work. At the time Ragle was injured, the day's work was not terminated, and, for the purpose of furnishing the men at work on the well, and under his control, a means of transportation, he undertook to start the car in which they would ride home and was injured.

Since it was not required nor contemplated that Ragle should spend the nights or time when not at work at the well where no accommodations had been provided for him and his crew, it was necessary, in order for him and the men to discharge their duties required of them each day, that he leave the well and go somewhere for rest and sleep and return thereto for duty. Whatever dangers or perils he encountered in leaving or approaching the premises were encountered in the usual and customary manner that he might perform the duties imposed by his contract of service.

The rule is now well established in this state that an injury has to do with and arises out of the work or business of the employer so as to be an "injury sustained in the course of employment" within the Workmen's Compensation Act, when it results from a risk or hazard which is necessarily or ordinarily or reasonably inherent or incidental to the conduct of such work or business. Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 73, 28 A. L. R. 1402; Kirby Lumber Co. v. Scurlock, 112 Tex. 115, 246 S. W. 77; United States Casualty Co. v. Hardie (Tex. Com. App.) 299 S. W. 871; Petroleum Casualty Co. v. Green (Tex. Civ. App.) 11 S.W.(2d) 388, 390 (writ denied); Employers' Liability Assurance Corporation v. Light (Tex. Civ. App.) 275 S. W. 685 (writ refused); Cudahy Packing Co. v. Parramore, 263 U. S. 418, 44 S. Ct. 153, 154, 68 L. Ed. 366, 30 A. L. R. 532.

In the Corpus Juris treatise on Workmen's Compensation Acts, § 64, pp. 73, 74, the rule is announced as follows: "It has been well said that it is not easy to give a comprehensive definition of the words 'arising out of the employment,' which shall actually include all cases within the act, and with precision exclude those without its terms. An injury may be said to arise out of the employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. A risk is 'incidental to the employment' when it belongs to, or is connected with, what a workman has to do in fulfilling his contract of service. It may be

either an ordinary risk directly connected with the employment, or an extraordinary risk which is only indirectly connected with the employment, owing to the special nature of the employment. An injury which is a natural and necessary incident or consequence of the employment, although not foreseen or expected, arises out of it; nor need it be peculiar to the particular employment."

In the case of Lumberman's Reciprocal Ass'n v. Behnken, supra, in a very able and exhaustive opinion, the Supreme Court, speaking through Judge Greenwood, says:

"An injury has to do with, and arises out of the work or business of the employer, when it results from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct of such work or business. As tersely put by the Supreme Court of Iowa:

"'What the law intends is to protect the employee against the risk or hazard taken in order to perform the master's task.' Pace v. Appanoose County, 184 Iowa, 498, 168 N. W. 918.

"Though injuries arising from risks incidental to employment most frequently occur during hours of active labor and on premises within the control of the employer, yet they are not always so circumscribed either as to time or place. I. & G. N. Ry. Co. v. Ryan, 82 Tex. 571, 18 S. W. 219; H. E. & W. T. Ry. Co. v. McHale, 47 Tex. Civ. App. 360, 105 S. W. 1151; Latter's Case, 238 Mass. 326, 130 N. E. 638. Our statute declares that it is not necessary to fix liability that the injury be sustained on the employer's premises."

■ It is also equally well established that all dangers and perils incident to use of usual and customary methods of entrance to and retirement from employer's premises or zone of employment were perils incident to and "arising out of employment," as provided for under article 8309, R. S. 1925. Petroleum Casualty Co. v. Green, supra; Employers' Liability Assur. Corp. v. Light, supra; Cudahy Packing Co. v. Parramore, supra.

The Corpus Juris treatise on Workmen's Compensation Acts, § 75, pp. 84–85, announces the following general rule as follows: "As a general rule accidents which happen to an employee on his way to and from work are not regarded as in the course of his employment, except while he is at or so near the place of employment as reasonably to be regarded as in effect at the place; or where, if not on the employer's premises, he is at or near the place of work and on a road or other way intended by the contract of employment as being the means of access to the work."

The case of Petroleum Casualty Co. v. Green, supra, involved a case where the facts in favor of the claimant were not as strong as the facts involved in this suit, and judgment in favor of the plaintiff was sustained. Chief Justice Gallagher, in a well-considered opinion, says:

"It was not necessary that the injury complained of by appellee should have been sustained during the hours of actual service which he was required by the terms of his employment to render to said company. The course of his employment was not limited to the exact moment when he reported for duty at the camp that morning, nor to the moment when his labors for the day were completed. It necessarily included reasonable time thereafter to return from said camp to the highway in the usual and customary manner. Lumberman's Reciprocal Ass'n v. Behnken, supra; Employers' Liability Assurance Corporation v. Light (Tex. Civ. App.) 275 S. W. 685, 687 (writ refused), and authorities there cited; Wabash Railway Co. v. Industrial Commission, 294 Ill. 119, 128 N. E. 290, 292; Judson Mfg. Co. v. Industrial Accident Commission, 181 Cal. 300, 184 P. 1, 2. Neither was it necessary that appellee should have been at the time discharging some specific duty required by his employment. It was sufficient that he was at the time engaged in doing something incident to his employment. We quote on this issue from United States Casualty Co. v. Hardie (Tex. Com. App.) 299 S. W. 871, 874, as follows:

"'An accident arises in the course of and out of the employment when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duty and while he is fulfilling that duty *or engaged in doing something incidental thereto*.' (Italics ours.)

"The leaving of the premises where appellee was employed was so closely connected with his employment as to render it a necessary incident thereto. Wabash Railway Co. v. Industrial Commission, supra (294 Ill. 119), page 293 of 128 N. E."

The case of Cudahy Packing Co. v. Parramore, supra, involved the construction of a similar statute enacted by the state of Utah. The facts of that case were that the Cudahy Packing Company owned and operated a plant at a point about six miles from Salt Lake City. Its employees generally resided in that city and other places, only a few living in the immediate vicinity of the plant. The only practicable way of ingress and egress for employees was along the road and across some railroad tracks, and that was the way customarily used. Parramore, the claimant, was employed at the plant as stationary engineer. He lived at Salt Lake City. On the morning of August 9, 1921, he rode to the plant in the automobile of another employee for the purpose of going to work. In passing over the railroad track, the automobile in which he was riding was struck by an en-

gine, and Parramore was killed. This happened about seven minutes before the time when his service as engineer was to begin. In answer to the contention made that the accident was one which occurred off the premises of the employer, on a public road, outside the hours of employment, and while the employee was not engaged in any business of the employer, that it was not the result of any industrial risk, but arose from a common peril to which the public generally was exposed, the Supreme Court of the United States, after discussing the purpose of Workmen's Compensation legislation, in an exhaustive opinion, said: "The liability is based, not upon any act or omission of the employer, but upon the existence of the relationship which the employee bears to the employment because of and in the course of which he has been injured. And this is not to impose liability upon one person for an injury sustained by another with which the former has no connection; but it is to say that it is enough if there be a causal connection between the injury and the business in which he employs the latter—a connection substantially contributory though it need not be the sole or proximate cause. Legislation which imposes liability for an injury thus related to the employment, among other justifying circumstances, has a tendency to promote a more equitable distribution of the economic burdens in cases of personal injury or death resulting from accidents in the course of industrial employment, and is a matter of sufficient public concern (Mountain Timber Co. v. Washington, 243 U. S. 239, 61 L. Ed. 697, 37 S. Ct. 260, Ann. Cas. 1917D, 642, 13 N. C. C. A. 927) to escape condemnation as arbitrary, capricious, or clearly unreasonable. Whether a given accident is so related or incident to the business must depend upon its own particular circumstances. No exact formula can be laid down which will automatically solve every case."

We quote again from the same opinion: "We attach no importance to the fact that the accident happened a few minutes before the time Parramore was to begin work, and was therefore, to that extent, outside the specified hours of employment. The employment contemplated his entry upon and departure from the premises as much as it contemplated his working there, and must include a reasonable interval of time for that purpose. See Gane v. Norton Hill Colliery Co. (1909) 2 K. B. 539, 544, 78 L. J. K. B. N. S. 921, 100 L. T. N. S. 979, 25 Times L. R. 640, 2 B. W. C. C. 42; De Constantin v. Public Service Commission [75 W. Va. 32, 83 S. E. 88, L. R. A. 1916A, 329] supra."

We have quoted liberally from the opinion rendered in the case of Cudahy Packing Company v. Parramore, supra, for the purpose of showing the tendency of the courts to construe liberally the compensation statutes.

The facts of this case do not require that the rule be extended as far as it was done in that case. Therefore it is not necessary to approve or disapprove the broad rule announced therein.

■ It is further contended that, since the cranking of the car by claimant was a voluntary act, done for personal purposes, the danger attending such act was not a peril or hazard incident to his employment. It is unquestioned that the employer had not any way undertaken to furnish transportation for Ragle to and from the lease. It was necessary under the arrangements made, or lack of arrangements, for Ragle to have some means of transportation from the premises to his home. It is plain that the means employed must have been necessarily known to the employer and to have been tacitly approved and consented to by them. This precise question was decided adversely to the contention made by plaintiff in error in the case of Petroleum Casualty Co. v. Green, supra; Employers' Liability Assurance Corporation v. Light, supra; and Cudahy Packing Co. v. Parramore, supra.

The rule is recognized that, where an accident is in no manner related to the employment, and an attempt to make the employer liable therefor would be clearly unreasonable and arbitrary, it would not come under the provisions of the workmen's compensation statutes of this state, and no recovery could be had therefor. There is no disposition on our part to question that sound rule or the authorities which support it.

■ The courts, as a general rule, have given the compensation statutes a liberal construction. The purpose of the law was to do away with the issues of negligence, accident, assumed risk, contributory negligence, and other like issues, and to further provide that the amount recoverable be free of any uncertainty. Both employer and employee were dissatisfied with the old system of litigation, which was expensive. The compensation for injuries to an employee is no longer founded upon the fault or negligence of the employee, but is awarded upon broader and more humane rules. This rule has become a part of the industrial and economic structure created by modern conditions and development. This class of legislation rests upon the broad rule that the injured workman is entitled to compensation for an injury sustained in the service of an industry, regardless of the question of negligence or fault on his part. Our Supreme Court has announced the sound and humane rule that the Workmen's Compensation Act is "a remedial statute which should be liberally construed with a view to accomplish its purpose and to promote justice."

When we keep in mind that the lease where Ragle and the men worked was at a place

where no arrangements for their accommodation had been made, situated six miles from the place where they resided; that an automobile was the only practical means of getting to and from the work; that it was parked on or near the premises where the men worked; that Ragle, during the hours of his employment, undertook to crank the automobile for the purpose of furnishing the men at work a means of transportation in which to ride home and was injured—these facts bring the case clearly within the rule announced by our Supreme Court in the Behnken Case, supra, and it is therefore compensable under the provisions of the Workmen's Compensation Act.

We recommend that the opinion of the Court of Civil Appeals be in all respects affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.