**WINDER v. CONSOLIDATED UNDER-WRITERS.**

No. 9002.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1939.

Rehearing Denied Jan. 15, 1940.

---

974

E. W. Napier, of Wichita Falls, Tex., for appellant.

T. R. Boone, of Wichita Falls, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant is the widow of Boyd Winder, deceased. Her claim for compensation for his death having been denied by the Board, on the ground that she had failed to show that Winder's death occurred in the course of his employment, she brought this suit. At the conclusion of the evidence, defendant moved for a verdict on two grounds.

The first of these was, that plaintiff had not shown herself to be the legal wife, and therefore, the legal beneficiary of the deceased, in that the undisputed evidence showed that in 1920, she had married King Butts, and that in 1931, when she married the deceased, Butts was living and still lives, and there was no showing that she had procured a divorce from him. The second ground was, that she had not shown that the death occurred in the course of deceased's employment. The District Judge stating that he was in doubt as to the validity of the second ground, sustained the motion on the first ground and directed a verdict for defendant. Appealing from the judgment on that verdict, appellant is here insisting that the motion to direct was wrongly sustained.

We agree with appellee; that it was plaintiff's burden to show, that she was the legal wife in life, and the legal beneficiary after his death, of Winder the deceased; and that she could not recover unless she did so. Floyd v. Fidelity Union Casualty Co. et al., Tex.Civ.App., 13 S.W. 2d 909; Fort Worth & R. G. Railway Co. v. Robertson, 103 Tex. 504, 55 Tex.Civ. App. 309, 121 S.W. 202, 207, 131 S.W. 400, Ann.Cas.1913A, 231. Cf. Price v. Travelers Insurance Company, D.C., 25 F.Supp. 894.

We agree with appellant though; that her proof that she married Winder in 1931, in good faith believing that she and Butts had been divorced, and that she was free to marry again, satisfied her burden; and that the burden was on appellee to prove that she had not been divorced from her first husband, rather than upon appellant to prove that she had been, a presumption of law arising that the existing marriage is valid.[1]

Appellee insists that these cases deal with the burden of proof, as it is placed in controversies arising under general law, and that they have no application to controversies arising under the Workmen's Compensation Law, Section 5, Article 8307, Vernon's Ann.Civ.St.Tex., which specifically provides "the burden of proof shall be upon the party claiming compensation." We cannot agree with this view. The stat-

[1] Holman v. Holman, Tex.Com.App., 288 S.W. 413; Carter v. Green, Tex.Civ. App., 64 S.W.2d 1069; Casualty Underwriters v. Flores, et al., Tex.Civ.App., 125 S.W.2d 371; Franklin v. Franklin, Tex.Civ.App., 247 S.W. 329; Kinney v. Tri-State Telephone Company, Tex.Com.App., 222 S.W. 227; Floyd v. Fidelity Union Casualty Company, Tex. Civ.App., 13 S.W.2d 909; Franklin v. Franklin, Tex.Civ.App., 247 S.W. 329.

ute merely imposes the burden. It does not undertake to deal with the nature or quantum of the evidence necessary to discharge it.

■ Appellee's second point; that Winder's death was not compensable as sustained in the course of his employment, because the proof showed that Winder's death occurred from an explosion of gasoline in Winder's car, while he was endeavoring to start it to drive away, is no better taken.

The case made is not one of an injury occurring on a public highway or on premises other than those of the employer, where the employee is taking himself to and from his work, as were the cases on which appellee relies. Texas Employers' Insurance Association v. Smith, Tex.Civ. App., 75 S.W.2d 732; Viney v. Casualty Reciprocal Exchange, Tex.Civ.App., 82 S. W.2d 1088; Traders & General Insurance Company v. Fletcher, Tex.Civ.App., 118 S.W.2d 347. It is one where the death occurred on the premises of the employer, and while the employee was engaged in activities so closely related to and connected with his active duties, as that they must, for the purpose of the Compensation Act, Vernon's Ann.Civ.St.Tex. art. 8306 et seq., be regarded as undertaken in the course of his employment. Federal Surety Co. v. Ragle, Tex.Com.App., 40 S.W.2d 63. Cf. Fritzmeier v. Texas Employers' Insurance Association, 131 Tex. 165, 114 S.W.2d 236. Nor is the case here, one like that of Wallace v. Texas Indemnity Insurance Company, Tex.Civ.App., 94 S. W.2d 1201, in which the laborer, having specified hours of work, chose for his own convenience, to live in a bunkhouse, furnished by the employer, free of charge, and was injured while so living there. Here, the accident occurred only a few minutes after the deceased's active duty for the day had ceased, and while, in accordance with the custom, waiting for the foreman and the other members of his crew, he was endeavoring to start his car.

■ A construction of the act leading to the conclusion, that his death was not compensable, would we think, be narrow in the extreme, and contrary to the settled interpretation of it, that the act is to be construed liberally and with common sense, to give effect to its purpose, the protection of employees, while in and about their work. To construe it as appellee asks us to, would be to construe it narrowly and rigidly, with the result of excluding from its operation, not only cases clearly beyond, but those both on and near its borderline. We are not permitted to so construe it.

The verdict was wrongly directed. The judgment is reversed and the cause is remanded, for further and not inconsistent proceedings.

Reversed and remanded.