## FIDELITY & CASUALTY CO. OF NEW YORK v. MITCHELL.

### No. 10459.

Circuit Court of Appeals, Fifth Circuit.

March 30, 1943.

Austin Y. Bryan, Jr., of Houston, Tex., for appellant.

F. F. Benton and Fred Parks, both of Houston, Tex., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment for appellee in an action under the Workmen's Compensation Laws of Texas, Vernon's Ann.Civ.St. art. 8306 et seq. Appellant, the employer's compensation insurance carrier, assigns errors that may be grouped into three issues, namely: (1) Were the injuries sustained in the course of employment? (2) Was the judgment excessive in that it exceeded the maximum award under the statute for specific injuries as distinguished from general injuries? (3) Were the special interrogatories submitted to the jury so vague and indefinite, or so incomplete, that the judgment of the court could not be legally rested upon the answers thereto?

Appellee was a carpenter employed by a firm of building contractors engaged in the construction of Camp Wallace, a Government military encampment near Hitchcock, Texas. The entire reservation was enclosed, with means of ingress and egress provided by two gates. Upon reporting for work each morning, appellee was required to obtain a brass identification disc from the time office at the entrance, and to proceed therefrom by any course he chose to the place inside the premises where he was to work during the day. Upon completion of his work each day, he was required to return the identification disc to the time officer in order to obtain credit for his day's work; but he was not paid for time spent going to and from the time office and his regular working place.

On March 6, 1941, appellee finished his work at 4:30 P. M., and was walking within the reservation from his working place to the time office along a roadway regularly used by employees for that purpose when two automobiles collided at an intersection, and one of them caromed into appellee and injured him. The entire enclosure was under the supervision and control of the employer.

 Under the Workmen's Compensation Law of Texas, it is not a prerequisite to recovery that the injuries be sustained during the hours of actual service or while the employee is engaged in the discharge of any particular duty incident to his employment; the injuries are sustained within the course of employment if the workman is injured while passing, with the express or implied consent of the employer, to or from his work by a way over the premises controlled by the employer.[1] The consent of the employer to appellee's use of the way may be implied from the evidence that it was regularly used by employees for purposes of ingress and egress.

There was evidence, introduced without objection, that general injuries, as distinguished by statute from concurrent specific injuries, were suffered by appellee;

and the pleadings will be treated as amended to conform to the proof.[2] The jury, in answer to special interrogatories propounded by the court under Rule 49, found that appellee was totally and permanently disabled by the injuries sustained in the accident, and that five per cent of such disability resulted from injuries other than the specific injury to his leg. In response to another interrogatory, the jury found that the injury sustained affected parts of appellee's body other than his leg. Appellant then recognized that these questions, and the categorical answers thereto, were sufficiently broad to comprehend a finding that general injuries were sustained, and objected to the interrogations on that ground. In these circumstances the entry of judgment, in a sum not in excess of the maximum allowable for disability caused by general injuries, was not erroneous.

The record affirmatively shows that the issues were fully and fairly tried, and the judgment is affirmed.

---

[1] Cudahy Packing Co. v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 532; Bountiful Brick Co. v. Giles, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507, 66 A.L.R. 1402; Winder v. Consolidated Underwriters, 5 Cir., 107 F.2d 973; Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402; Employers Liability Assur.

Corp. v. Light, Tex.Civ.App., 275 S.W. 685; Petroleum Casualty Co. v. Green, Tex.Civ.App., 11 S.W.2d 388; Federal Surety Co. v. Ragle, Tex.Com.App., 40 S.W.2d 63; Texas Employers' Ins. Ass'n v. Anderson, Tex.Civ.App., 125 S.W.2d 674.

[2] Rule 15(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.