### AMERICAN MOTORISTS INS. CO. v. STEEL.

No. 15128.

Court of Civil Appeals of Texas.
Fort Worth.

April 7, 1950.

Rehearing Denied May 5, 1950.

Bryan, Stone, Wade & Agerton; G. W. Parker, Jr., and John E. Thomason, all of Fort Worth, for appellant.

Wm. B. Townsend, and M. Hendricks Brown, both of Fort Worth, for appellee.

SPEER, Justice.

Appellee Robert Steel, an employee, sued to recover workmen's compensation from appellant American Motorists Insurance Company, the carrier of insurance for the employer, Consolidated Vultee Aircraft Corporation, based upon an alleged accidental injury to an eye. Appellee was awarded a judgment on a jury verdict and the carrier has appealed.

The jury found in response to special issues that appellee sustained an accidental injury to his eye on about July 5, 1948 while in the course of his employment with his employer; and that he had "good cause" for having failed to file his claim with the Industrial Accident Board within six months from the date of the injury.

Appellant's eight points of error may fairly be divided into three groups, the first of which complains because (a) it was entitled to its requested peremptory instruction since there was no testimony showing appellee had sustained a compensable injury; (b) the court having denied its request for a peremptory instruction it was entitled to have its timely motion for judgment non obstante veredicto sustained; and (c) the evidence was insufficient to support the jury finding in special issue three that appellee sustained an injury in the course of his employment.

We have devoted a great deal of study to the record in this case. Both sides admit in their briefs they have been unable to find a case precisely like it. After a diligent independent investigation we have found none. As could be expected, each of the litigants presents cases claimed to be analogous from which deductions are made to sustain their respective contentions. From these arguments and the application of principles, we are forced to the definite conclusion that good lawyers differ widely as to the final result which must necessarily follow.

There is no material conflict in the testimony to the effect that appellee sustained an injury to his eye. The time, conditions and manner in which he received it form the basis of the respective contentions, that is, appellee contends the injury is compensable and appellant contends it is not.

Without going into unnecessary details, it can safely be said that for several years appellee had been working for his employer in its plant as a riveter, and as such he used

various kinds of drills to make holes in many kinds of metal preparatory to riveting the metals together in the construction of airplanes. In the performance of his required duties, the shavings produced by drilling each day settled all over his person, in his clothes, hair and eyebrows. The employer provided no change of clothes for appellee in which to work and he had to work, if at all, in his own street clothes; it provided no room or locker to enable him to furnish or make a change of clothes; no brushes or vacuum appliances were furnished to remove the accumulated shavings from his person. The employer furnished a large parking area (perhaps a mile long) for its many employees to park their cars in, while on duty. Appellee lives in north Fort Worth and drove from home each day to begin his work and when his shift was ended drove home, an estimated distance of about one mile inside the parking area and four or five miles to his home. On the occasion in question his work had ended and with the metal shavings on his person he had gotten to within about a block of his home and estimated that it had been about fifteen minutes since he left the plant; at that time and place something struck him in the eye which he said felt like a needle, causing him great pain. In an affirmative answer to a question propounded by his counsel, he said it must have been one of the metal shavings he had on his person which struck him in the eye. His conclusion thus expressed is not determinative of whether or not the substance that struck his eye was one of the metal shavings. There were other circumstances relied upon by appellee on that question, yet, for the time being, we think it beside the question now under consideration. Appellant contends that the testimony was insufficient to show that the foreign substance in his eye was one of the shavings, but argues that even if it was, the injury was not compensable under the law in this case. If appellant is correct, it should have had an instructed verdict, otherwise not.

■ In arriving at a solution to this question, we must keep in mind that the Workmen's Compensation Act was passed by the Legislature as the remedial act to former rights and remedies vouchsafed at common law. That an injured employee could, when he comes within the law, have immediate and certain relief without regard to primary or contributory negligence or assumed risk; and also that his compensation, when an injury occurs under prescribed conditions, is awarded upon broader and more humane rules. To accomplish the purposes for which the law was enacted, the court will give its provisions the most liberal construction in favor of injured employees it will reasonably bear.

Pertinent to the case before us, Article 8306, section 20, Vernon's Ann.Civ.St., as amended in 1947, provides that "injury" as used in the Act shall be construed to mean "damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom * * *"; and second subdivision 4 of Article 8309, sec. 1, Vernon's Ann.Civ.St., provides that the term "injury sustained in the course of employment," as used in the law, "shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

■ It is the settled doctrine in this state that where an injury occurs at a time not within a contractual exception, employees may not recover compensation for injuries received while going to and from the place where they are to perform labor for the employer. Naturally this general rule does not apply to employees whose duties involve traveling over the country nor to those who are sent by their superiors on missions for the employer to places other than where they ordinarily work. None of these exceptions to the general rule exist in this case.

In view of the specific definition of compensable injuries set out by our laws, as hereinabove quoted, construction by courts of compensation laws in those jurisdictions where such definitions do not exist is not helpful to us.

Our compensation laws are more nearly like those of Massachusetts and our courts have uniformly followed the doctrine laid down by the Supreme Court of that State in the case of In re McNicol, 215 Mass. 497, 102 N.E. 697, L.R.A.1916A, 306. In the cited case the court said: "In order that there may be recovery the injury must both arise out of and also be received in the course of the employment. Neither alone is enough. * * * It is sufficient to say that an injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It arises 'out of' the employment, when there is apparent to the rational mind * * * a causal connection between the conditions under which the work is required to be performed and the resulting injury."

In keeping with the rule announced in the McNicol case, supra, our courts have often construed the Texas Workmen's Compensation Act as embracing two separate and distinct elements and that both must appear to have existed at the time of an injury before compensation will be allowed. The elements are: (1) The injury must have occurred in the course of employment, or, as sometimes stated, must be shown to have originated in the work, and (2) must have occurred at a time when the injured party was engaged in or about the furtherance of the affairs or business of the employer. The establishment of one alone is not sufficient but the law requires both. These constructions have occurred in cases principally where injuries were sustained while going to and from places where the employee performed his task at a designated place. The courts have consistently applied various applicable rules in these cases, such as traveling over roads or highways not under the control and management of the employer and when the employee is exposed to hazards common to the public.

Some of the cases in which compensation has been denied under conditions above pointed out and which followed the doctrine announced in the McNicol case, supra, are: American Indemnity Co. v. Dinkins, Tex.Civ.App., 211 S.W. 949, 956–957, writ refused; London Guaranty & Accident Co. v. Smith, Tex.Civ.App., 290 S.W. 774, writ refused; Texas Employers' Insurance Ass'n v. Smith, Tex.Civ.App., 75 S.W.2d 732, affirmed by Supreme Court, 129 Tex. 573, 105 S.W.2d 192; Banks v. Commercial Standard Ins. Co., Tex.Civ.App., 78 S.W. 2d 660, writ dismissed; Jasper v. Texas Employers Insurance Ass'n, Tex.Civ.App., 206 S.W.2d 646; and McKim v. Commercial Standard Insurance Co., Tex.Civ.App., 179 S.W.2d 357, writ refused.

We think it proper to point out here the controlling points involved in the last cited cases.

The Dinkins case, supra, involved a claim by beneficiaries for compensation growing out of the death of the employee. The question before the court was: Should the trial court have sustained a general demurrer to the petition of claimant? Recovery was had in the trial court and in reviewing the record it showed death occurred after the employee had finished his day's work and was on his way home. The court reversed the judgment of recovery and rendered judgment for the carrier, holding that the general demurrer to the petition should have been sustained. In this connection the court said: "To come within the term 'injury received in the course of employment,' it must be shown that the injury originated in the work, and, further, that it was received by the employe while engaged in or about the furtherance of the affairs of the employer. If it be conceded that the injury originated in the work, it would still be necessary, in our opinion, to show that the employe was engaged in the furtherance of his employer's business." [211 S.W. 957.]

In London Guaranty & Accident Co. v. Smith, supra, the injury was sustained by a saleslady while crossing the street on her way to dinner under a request from her employer to hurry back so that she could perform a special task in the evening. A judgment in her favor was reversed and rendered, based upon this announced holding: "She was merely going home for her evening meal. To come within the meaning of the term 'injury received in the course of the employment,' it must be shown that

the injury originated in the work, and, further, that it was received by the employe while engaged in or about the furtherance of the affairs of her employer." [290 S.W. 775.] The court further said: "Even if it be conceded that the accident originated in her work because of the fact that she was going from the place of her employment to her home, still we think the second element is lacking, as it is clearly shown that she was not engaged in performing any act in furtherance of her employer's business." The court concluded by holding that the trial court should have instructed a verdict for the carrier insurance company.

Texas Employers Insurance Ass'n v. Smith, supra, was a death case. The employee was one whose duties varied from working in the mortuary to outside matters and he was said to be subject to call at all times, so much so that any time he was away from the place of business of his employer the latter must know how to reach him, and for all outside matters the employer furnished a car but when he went to his meals he should drive his own vehicle. He had gone home to a meal and returning was killed on a public street in an accident. The court announced as a basis for the opinion that compensation there depended upon whether or not the deceased received his fatal injuries while "in the course of his employment." In denying recovery the court based its conclusions upon the rule announced in the Smith case, last above cited, by us, and quoted the holding set out by us in our comment on that case.

In Banks v. Commercial Standard Insurance Co., supra, judgment denying recovery of compensation was affirmed. The employee was injured at the noon hour while crossing a public street between the employer's place of business and a restaurant where the employee was going for lunch when injured. In discussing liability the court reasoned: "It may be conceded that Banks received his injuries because of the fact that he was employed by the Wyatt Metal & Boiler Works, would not have been at the place or in the vicinity of the occurrence and would not have been injured had it not been for such employment, therefore, the injury originated in the work, yet, such injury under the statute is not compensable." [78 S.W.2d 662.] The court further added: "To come within the act, the injury received must be shown to have originated in the work, *and further that it was received while engaged in or about the furtherance of the employer's business.*" (Our emphasis).

Jasper v. Texas Employers Insurance Ass'n, supra, denied compensatory relief to beneficiaries of an employee killed by an automobile while crossing a public street about 40 feet from the entrance gate of his employer's enclosed premises. The facts were stipulated and the sole question before the court was said to be whether deceased was within the scope of his employment when injured. The court reviewed many of the cases herein cited by us and applied the dual elements we have mentioned as being necessary requisites to recovery, and concluded there was no compensable injury shown. The Jasper case does not seem to have reached the Supreme Court.

In McKim v. Commercial Standard Insurance Co., Tex.Civ.App., 179 S.W.2d 357, 358, writ refused, an employee while really off duty at the noon hour brought a hat to the manager in the main office of employer's place of business to inquire if she could purchase it at a given price. While on this errand, she fell and sustained an injury. In affirming an instructed verdict for the carrier, and after quoting Article 8309, second subdivision 4 of section 1, Vernon's Ann.Civ.St., the court said: "From the beginning, the quoted definition has been held to embrace two elements; that is, to be compensable, the injury (1) must have to do with and originate in the work, and (2) must have been suffered while the employee was engaged in or about the furtherance of the employer's affairs or business."

In the case before us, it is unquestionably true that the injury complained of by appellee was received by him when the foreign substance, whatever it was, struck him in the eye while on the road to his

home, several miles away from his employer's plant where he customarily worked. It is also true that the employer had no responsibility as to when or how he reached home after his day's work was finished. It is not contended that he was on a mission for his employer, nor that he was engaged in or intended to engage in anything pertaining to the "furtherance of the affairs or business of his employer" at any time or place before returning to his next shift for regular work at the plant.

As we have already seen, compensable injuries consist of damages done to the physical structure of the body and such diseases and infection as naturally result therefrom. In the case before us, appellee received an injury when the physical structure of his body was damaged and that happened when the foreign object hit his eye on the way home from his employer's place of business.

This "injury" would be deemed as sustained in the course of his employment if it "had to do with and originated in the work, business, trade or profession of his employer" and was received by appellee "while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

As previously pointed out herein under the cited cases, even though getting metal shavings on his person "had to do with and originated in the work * * * of the employer," it definitely appears that no damage was done to his eye until at a time when he was not in any way about his master's business.

Appellee argues that the words "originate" and "received" are so nearly synonymous that they should be considered together and not separately. From this premise he applies the expression so often found in the cases "that an injury may be said to arise out of the employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury," citing such cases as United Employer's Casualty Co. v. Barker, Tex.Civ. App., 148 S.W.2d 260; Federal Surety Co. v. Ragle, Tex.Com.App., 40 S.W.2d 63, and other similar ones. As we read the last cited case, Ragle, the employee, received the injury to his eye shortly prior to the expiration of his day's work and before he left the premises, but there was language used in the opinion relied upon by appellee here.

The word "causal," as used by the courts in such cases, by Webster's New International Dictionary means, "Relating to a cause"; "implying or containing a cause." To the same effect is 14 C.J.S., Case Action On, § 11, p. 40. Hence, if there is such causal connection shown, it means that the cause "originated" in and arose out of the work. Moreover, in the instant case, if the cause did originate in the work it is certain that some other event necessarily happened prior to the time the object struck appellee in his eye while on the way to his home. But, as pointed out in the cases cited and reviewed by us above, most of which had the approval of the Supreme Court, conceding that the injury originated in or had its cause and origin in the work, still, it would be necessary to a recovery for appellee to show that he was engaged in the furtherance of the employer's business when the injury occurred. The testimony of appellee negatives the fact that when he actually received the physical damage to his eye he was engaged in any act which had to do with the furtherance of the affairs or business of the employer.

It is obvious from what we have said that we have concluded appellee failed in this case to meet the burden of proof enjoined upon him that both elements involved in such cases existed in this one and that having thus failed, appellant was entitled to an instructed verdict, and it was error for the trial court to refuse to give it.

The remaining two groups of asserted errors by appellant involved the sufficiency of the evidence to support a jury finding of good cause for failing to timely file his claim with the Industrial Accident Board and the sufficiency of the trial court's definition of "injury received in course of employment." If we are correct in our

conclusions that appellant should have had an instructed verdict, the remaining points become immaterial and need not have further attention.

Points of error 1, 2 and 3 are sustained; the judgment of the trial court is reversed, and judgment is here rendered for appellant, as we believe the trial court should have rendered. Reversed and rendered.