**EMPLOYERS MUT. LIABILITY INS. CO. OF WISCONSIN v. KONVICKA et al.**

**Civ. A. 5051.**

United States District Court
S. D. Texas, Houston D.

Aug. 2, 1951.

Fulbright, Crooker, Freeman & Bates, Newton Gresham, of Houston, Tex., for plaintiff and cross-defendant.

C. H. Chernosky and Adolph Pavlicek, of Houston, Texas, for plaintiffs.

HANNAY, District Judge.

Plaintiff, Employers Mutual Liability Insurance Company of Wisconsin, the insurer of A. O. Smith Corporation, has sued the legal beneficiaries of John Konvicka, an employee of such corporation, seeking

to set aside an award made to them by the Texas Industrial Accident Board for damages resulting on account of the accidental injury and death of John Konvicka on November 18, 1948, in Harris County, Texas. Defendants herein have filed a Cross-Action.

The case was tried upon stipulations, admissions, and oral and documentary evidence, before the Court without a jury.

Hereafter, for convenience, the Employers Mutual Liability Insurance Company of Wisconsin will be called "the Insurance Company" ; the A. O. Smith Corporation will be referred to as "the Corporation", and John Konvicka will be called "the Deceased" or "Konvicka".

The corporation owns and operates a large manufacturing plant, about 12 miles from the city limits of the City of Houston, where it employs many workers who live in Houston, as did Konvicka. The Corporation did not provide housing facilities near its plant for the use of the employees, nor did it pay additional compensation for, or furnish, transportation between Houston and the plant to such employees. There was no convenient means of public transportation available to the plant and, as a result, many employees of the Corporation rode to and from their work in their own cars. Other employees rode in cars belonging to their fellow employees, on a share-a-ride basis. This custom was well known to the Corporation, which provided an open parking space for the use of its employees in parking their cars. The parking space so furnished did not have a smooth surface but, on the contrary, it had many holes and ruts in it. Konvicka rode to and from his work with a fellow employee who parked his automobile on the lot provided for such purpose by the Corporation.

A heavy rain had fallen on November 18, 1948, and as a result the automobile in which Konvicka rode to and from his work was drowned out. This employee, together with Konvicka and another fellow worker, attempted to start the stalled automobile by pushing, after cranking had failed to start it. There was not sufficient space on the parking lot to get up enough speed to start the stalled motor and the car was

pushed on to the public highway which runs alongside the Corporation's property. Konvicka and his fellow worker stood on the bumpers of the two cars, and when the stalled motor finally started Konvicka attempted to step down to the ground. In so doing, he fell and was injured, some 200 feet from the premises of the Corporation. He died later that day from the injuries which he received in the fall.

The Insurance Company, while admitting that Deceased sustained fatal injuries on the date alleged, claims that at the time of the accident Deceased had finished his day's work and left the premises of his employer and was no longer in the scope and course of his employment; that the accident did not occur under circumstances which would make his injury and death compensable under the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., therefore, there is no liability on the part of such insurer.

On the other hand, the legal beneficiaries of Deceased assert that the accidental injury occurred about and near the place of employment and arose out of and in the course and scope of such employment. They further say that the injury was received under circumstances which had to do with, and originated in, the work of the employer and while Deceased was engaged in and about the furtherance of such employer's affairs and business and, for that reason, comes within the provisions of the Texas Compensation Act.

### Discussion.

Vernon's Annotated Civil Statutes, Article 8309, Section 1, provides: "The term 'injury sustained in the course of employment,' as used in this Act, * * * shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

Both the State and Federal Courts have repeatedly held that the Workmen's Compensation Statute shall be liberally

construed in favor of an injured employee so as to effectuate the broad coverage for which the statute was originally enacted. In Lumbermen's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, at page 73, 28 A.L.R. 1402, the Supreme Court of Texas said: "Though injuries arising from risks incidental to employment most frequently occur during hours of active labor and on premises within the control of the employer, yet they are not always so circumscribed either as to time or place. I[nternational] & G. N. Ry. Co. v. Ryan, 82 Tex. [565] 571, 18 S.W. 219; H[ouston] E. & W. T. Ry. Co. v. McHale, 47 Tex. Civ.App. 360, 105 S.W. [1149] 1151; Latter's Case, 238 Mass. 326, 130 N.E. [637] 638. Our statute declares that it is not necessary to fix liability that the injury be sustained on the employer's premises." See, also, the case of Grube v. Associated Indemnity Co., 5 Cir., 187 P.2d 119.

The Insurance Company relies strongly upon the case of American Motorists Ins. Co. v. Steel, Tex.Civ.App., 229 S.W.2d 386, 389, and the cases there cited and discussed. In this case the Ft. Worth Court of Appeals said: " * * * our courts have often construed the Texas Workmen's Compensation Act as embracing two separate and distinct elements and that both must appear to have existed at the time of an injury before compensation will be allowed. The elements are: (1) The injury must have occurred in the course of employment, or, as sometimes stated, must be shown to have originated in the work, and (2) must have occurred at a time when the injured party was engaged in or about the furtherance of the affairs or business of the employer. The establishment of one alone is not sufficient but the law requires both. * * *"

In Cassell v. United States Fidelity & Guaranty Co., 115 Tex. 371, 283 S.W. 127, at page 131, 46 A.L.R. 1137, the Supreme Court of Texas, speaking through Justice Greenwood, held: " * * * If the injury arises out of the employment, it originates in the employment. If it so originates, it has to do therewith. * * * an injury is within our statute if it is inflicted as the result of a risk reasonably incidental to the work being done by the employee so injured."

In the case here under consideration the employee was injured immediately after finishing his active day's work, while performing an act made necessary when cranking a fellow employee's automobile failed to start the motor. This act was begun on the premises of the employer (which premises were more than 12 miles from Deceased's home), and such act continued without cessation or deviation until Konvicka fell and was fatally injured. Here also the employer had made no arrangement to house or care for its employees, nor had it assumed any obligation to transport its employees. The employer well knew and, at least tacitly, approved of the transportation arrangements of its employees, and while it is true that Deceased was injured while he was on a public highway, his injury, however, did not occur by reason of any hazard to the public generally. It had its origin on the premises of the employer and while Deceased was engaged in an undertaking incident to his employment.

The courts have consistently held that it is not necessary, in order to make an injury compensable, that the injured employee be engaged in his active day's work or upon the premises of his employer. The fact that he was, at the very time of the injury, engaged in an undertaking that had its origin in and was caused by a risk incident to such employer's business is sufficient. See Employers' Liability Assur. Corp. v. Light, Tex.Civ.App., 275 S.W. 685. To the same effect is the case of Mosley v. Royal Indemnity Co., 5 Cir., 68 F.2d 220.

In Fidelity & Casualty Co. v. Mitchell, 5 Cir., 134 F.2d 537, 538, the Court used the following language: "Under the Workmen's Compensation Law of Texas, it is not a prerequisite to recovery that the injuries be sustained during the hours of actual service or while the employee is engaged in the discharge of any particular duty incident to his employment * * * [Citing] Cudahy Packing Co. v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 532; Bountiful Brick Co. v.

Giles, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507, 66 A.L.R. 1402; Winder v. Consolidated Underwriters, 5 Cir., 107 F.2d 973; Lumbermen's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402; Employers' Liability Assur. Corp. v. Light, Tex.Civ.App., 275 S.W. 685; Petroleum Casualty Co. v. Green, Tex.Civ.App., 11 S.W.2d 388; Federal Surety Co. v. Ragle, Tex.Com.App., 40 S.W.2d 63; Texas Employers' Ins. Ass'n, v. Anderson, Tex.Civ. App., 125 S.W.2d 674."

Discussing the question of whether or not the insurance company can escape liability because, at the time of the injury, Deceased had ceased his active duties for the day, the State and Federal Court's have both held that an injury is compensable where the injury occurred, as here, in attempting to start an automobile. Winder v. Consolidated Underwriters, supra, and Federal Surety Co. v. Ragle, supra, both hold that where the employee was engaged in activities so closely related to and connected with his employment, as they must be for the purpose of the Compensation Act, an injury to such employee was compensable though occurring after he had finished his active day's work and left his employer's premises.

In the Winder case, supra, Winder's death resulted from an explosion of gasoline in his car while he was endeavoring to start the car. The Fifth Circuit, speaking through Judge Hutcheson, said: That such activity was "so closely related to and connected with his activities, as that they must, for the purpose of the Compensation Act, Vernon's Ann.Civ.St.Tex. art. 8306 et seq., be regarded as undertaken in the course of his employment. Federal Surety Co. v. Ragle, Tex.Com.App., 40 S.W.2d 63." [107 F.2d 975.]

In Petroleum Casualty Co., v. Green, Tex.Civ.App., 11 S.W.2d 388, 390, it was held that an employee who was injured when cranking a co-employee's automobile in which he was to ride home at night, was injured in the course of his employment, because leaving the premises of the employer was so closely connected with his employment as to render it a necessary incident thereto. The Court further said:

" * * * Neither was it necessary that appellee should have been at the time discharging some specific duty required by his employment."

In Federal Surety Co. v. Ragle, supra, Judge Sharp, in an opinion adopted by the Texas Supreme Court, held that an employee, injured while cranking an automobile in the immediate vicinity of his employment and about six miles from the town where he lived, where no arrangement had been made to house or care for employees, nor had the employer assumed any obligation to provide means of transportation and an automobile was the only practical means of getting to and from the work, brought the case clearly within the rule announced by the Texas Supreme Court in the Behnken case, supra, and was, therefore, compensable under the provisions of the Texas Workmen's Compensation Act.

In view of all the facts in this case, which is very similar to the Ragle case, there can be no doubt but that Konvicka's injury arose out of and in the course of his employment and is, therefore, compensable.

### Conclusions of Law.

In line with the foregoing facts, I conclude:

1. This Court has jurisdiction of the parties and subject matter involved in this suit.

2. Konvicka's injury occurred while he was working in the scope and course of his employment for A. O. Smith Corporation and while he was engaged in the furtherance of his employer's business, through an act which arose out of such business, and that the hazard was an incident thereto. That such injury is, therefore, compensable.

3. The legal beneficiaries of Konvicka are entitled to recover from Employers Mutual Liability Insurance Company of Wisconsin compensation at the rate of $25 per week for a period of 360 weeks, together with interest at six per cent per annum, less, however, the legal discount allowed by the Workmen's Compensation Act of Texas; such recovery to be ap-

portioned among said legal beneficiaries as the law provides.

4. The attorneys of record for the legal beneficiaries of Konvicka are entitled to receive one-third of the amount recovered, out of which sum said attorneys shall pay one-third of the reasonable burial expenses of Deceased.

5. All court costs are adjudged against the Insurance Company.

Clerk will notify counsel.